# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JANE ROE § | |
| § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 4:19-cv-00179-ALM-KPJ |
| § | |
| LEIGHTON PAIGE PATTERSON, in his § | |
| individual capacity; SOUTHWESTERN § | |
| BAPTIST THEOLOGICAL SEMINARY, § | |
| § | |
|     Defendants § | |

## ORIGINAL ANSWER OF LEIGHTON PAIGE PATTERSON

Defendant Leighton Paige Patterson ("Dr. Patterson") files this Original Answer to Plaintiff's Amended Original Complaint and Jury Demand (Plaintiff's Amended Complaint") filed by Plaintiff Jane Roe ("Roe").

## INTRODUCTION

Dr. Patterson denies the material allegations in the Introduction to Plaintiff's Amended Complaint and denies that Roe has stated a claim against Dr. Patterson.

## PARTIES

1. To the extent paragraph 1 of Plaintiff's Amended Complaint states Plaintiff is an individual who attended Southwestern Baptist Theological Seminary, admit. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of Roe's residence. The balance of paragraph 1 of Plaintiff's Amended Complaint is denied.

2. To the extent paragraph 2 of Plaintiff's Amended Complaint states that Dr. Patterson was president of Defendant Southwestern Baptist Theological Seminary and is a resident of

Collin County, Texas, a location in the Eastern District of Texas, where he has been served, admit. Dr. Patterson denies the remaining allegations of paragraph 2 of Plaintiff's Amended Complaint.

3. Paragraph 3 of Plaintiff's Amended Complaint is admitted.

## JURISDICTION AND VENUE

4. To the extent paragraph 4 of Plaintiff's Amended Complaint alleges a point of law, Dr. Patterson refers all questions of law to the Court.

5. To the extent paragraph 5 of Plaintiff's Amended Complaint alleges a point of law, Dr. Patterson refers all questions of law to the Court.

6. To the extent paragraph 6 of Plaintiff's Amended Complaint alleges a point of law, Dr. Patterson refers all questions of law to the Court.

## GENERAL ALLEGATIONS

### Allegations - Legal Framework

7. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of Plaintiff's Amended Complaint.

8. To the extent that paragraph 8 of Plaintiff's Amended Complaint refers to portions of the Violence Against Women Act, the Campus Sexual Violence Elimination Act, admit.

9. To the extent that paragraph 9 of Plaintiff's Amended Complaint refers to portions of the Texas Penal Code, Dr. Patterson admits that the code has been quoted accurately.

10. As to the allegations contained in paragraph 10 of Plaintiff's Amended Complaint, Dr. Patterson admits that the statutory definition of "Family Violence" includes dating violence pursuant to Texas law. Dr. Patterson denies the remainder of the allegations in Paragraph 10.

11. As to the allegations contained in paragraph 11 of Plaintiff's Amended Complaint, Dr. Patterson admits that Roe has accurately quoted a portion of the Texas Code of Criminal Procedure.

12. As to the allegations contained in paragraph 12 of Plaintiff's Amended Complaint, Dr. Patterson admits that Roe has accurately quoted a portion of the Texas Penal Code.

13. As to the allegations contained in paragraph 13 of Plaintiff's Amended Complaint, Dr. Patterson admits that portions of Texas Education Code Section 51.9363(b) are accurately summarized.

14. Paragraph 14 of Plaintiff's Amended Complaint is denied.

15. Paragraph 15 of Plaintiff's Amended Complaint is denied.

**Allegations - Southwestern Baptist Theological Seminary**

16. Paragraph 16 of Plaintiff's Amended Complaint is admitted.

17. Paragraph 17 of Plaintiff's Amended Complaint accurately quotes the SWBTS 2014-15 Academic Catalog. Dr. Patterson denies the remainder of the allegations.

18. Paragraph 18 of Plaintiff's Amended Complaint is admitted.

19. In Paragraph 19 of Plaintiff's Amended Complaint, admit that SWBTS is one of the largest seminaries in the world, with its main campus in Fort Worth, Texas. Further admit that SWBTS is accredited by the Association of Theological Schools and by the Southern Association of Colleges and Schools Commission on Colleges to award bachelor's, master's, and doctoral degrees. Dr. Patterson denies the remainder of the allegations.

20. Paragraph 20 of Plaintiff's Amended Complaint is admitted.

21. Paragraph 21 of Plaintiff's Amended Complaint is admitted.

22. Paragraph 22 of Plaintiff's Amended Complaint is admitted.

23. Paragraph 23 of Plaintiff's Amended Complaint is admitted to the extent that it cites to excerpts of SWBTS' 2014-15 Academic Catalog. The remainder of the allegations are denied.

24. Paragraph 24 of Plaintiff's Amended Complaint is admitted.

25. Paragraph 25 of Plaintiff's Amended Complaint is denied.

26. Paragraph 26 of Plaintiff's Amended Complaint is denied.

27. Paragraph 27 of Plaintiff's Amended Complaint is denied.

28. Paragraph 28 of Plaintiff's Amended Complaint is denied.

29. Paragraph 29 of Plaintiff's Amended Complaint is admitted.

30. Paragraph 30 of Plaintiff's Amended Complaint is admitted.

31. Paragraph 31 of Plaintiff's Amended Complaint is admitted.

32. Paragraph 32 of Plaintiff's Amended Complaint is admitted.

## **Allegations - Paige Patterson**

33. To the extent paragraph 33 of Plaintiff's Amended Complaint states the Southern Baptist Convention is the nation's largest protestant denomination, admit. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegation of paragraph 33 of Plaintiff's Amended Complaint.

34. Paragraph 34 of Plaintiff's Amended Complaint is admitted.

35. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 of Plaintiff's Amended Complaint.

36. Paragraph 36 of Plaintiff's Amended Complaint is admitted.

37. Paragraph 37 of Plaintiff's Amended Complaint is admitted.

38. Paragraph 38 of Plaintiff's Amended Complaint is admitted.

39. Paragraph 39 of Plaintiff's Amended Complaint is admitted.

## Allegations - Jane Roe

40. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 of Plaintiff's Amended Complaint.

41. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41 of Plaintiff's Amended Complaint.

42. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of Plaintiff's Amended Complaint.

43. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 of Plaintiff's Amended Complaint.

44. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of Plaintiff's Amended Complaint.

45. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of Plaintiff's Amended Complaint.

46. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of Plaintiff's Amended Complaint.

## Allegation - Jane Roe Meets SWBTS Seminary Student-Employee John Doe

47. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of Plaintiff's Amended Complaint.

48. To the extent paragraph 48 of Plaintiff's Amended Complaint alleges John Doe was a seminary student and employed by the seminary as a plumber for a period, admit. The remainder of the allegations are denied.

49. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of Plaintiff's Amended Complaint.

50. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of Plaintiff's Amended Complaint.

51. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 of Plaintiff's Amended Complaint.

52. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of Plaintiff's Amended Complaint.

53. To the extent paragraph 53 of Plaintiff's Amended Complaint alleges Southwestern Baptist Theological Seminary was on notice of Doe's criminal behavior, denied. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 53 of Plaintiff's Amended Complaint.

54. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54 of Plaintiff's Amended Complaint.

**Allegation - Jane Roe Suffers Verbal Abuse, Physical Violence and Sexual Assault**

55. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 55 of Plaintiff's Amended Complaint.

56. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56 of Plaintiff's Amended Complaint.

57. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 of Plaintiff's Amended Complaint.

58. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 of Plaintiff's Amended Complaint.

59. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 59 of Plaintiff's Amended Complaint.

60. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60 of Plaintiff's Amended Complaint.

61. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 of Plaintiff's Amended Complaint.

62. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62 of Plaintiff's Amended Complaint.

63. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of Plaintiff's Amended Complaint.

64. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 64 of Plaintiff's Amended Complaint.

65. To the extent paragraph 65 of Plaintiff's Amended Complaint sets out a portion of SWBTS' policies, admit. However, Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 65.

66. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66 of Plaintiff's Amended Complaint.

67. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67 of Plaintiff's Amended Complaint.

68. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68 of Plaintiff's Amended Complaint.

69. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69 of Plaintiff's Amended Complaint.

70. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 70 of Plaintiff's Amended Complaint.

71. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 71 of Plaintiff's Amended Complaint.

72. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 72 of Plaintiff's Amended Complaint.

73. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 73 of Plaintiff's Amended Complaint.

74. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 74 of Plaintiff's Amended Complaint.

75. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 75 of Plaintiff's Amended Complaint.

**Allegation - Jane Roe Reports Doe's Assault to Patterson and SWBTS**

76. Paragraph 76 of Plaintiff's Amended Complaint is admitted.

77. Paragraph 77 of Plaintiff's Amended Complaint is admitted.

78. To the extent paragraph 78 of Plaintiff's Amended Complaint refers to a meeting on August 20, 2015 with certain individuals in the SWBTS administration, admit. Dr. Patterson denies the details and description of questions allegedly asked by Dr. Patterson. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 78.

79. To the extent paragraph 79 of Plaintiff's Amended Complaint describes Roe's communications to Patterson, admit. Dr. Patterson denies the remaining allegations of paragraph 79.

80. Paragraph 80 of Plaintiff's Amended Complaint is denied.

81. Paragraph 81 of Plaintiff's Amended Complaint is denied.

82. Paragraph 82 of Plaintiff's Amended Complaint is admitted.

83. Paragraph 83 of Plaintiff's Amended Complaint is admitted.

84. To the extent paragraph 84 of Plaintiff's Amended Complaint alleges Doe was expelled for having prohibitive weapons, admit. Dr. Patterson denies the remaining allegations of paragraph 84.

85. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 85 of Plaintiff's Amended Complaint.

86. To the extent the allegations of paragraph 86 of Plaintiff's Amended Complaint concern conduct of the seminary, Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Dr. Patterson denies the remaining allegations of paragraph 86.

### **Allegation - "I have to break her down"**

87. Paragraph 87 of Plaintiff's Amended Complaint is admitted.

88. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 88 of Plaintiff's Amended Complaint.

89. Paragraph 89 of Plaintiff's Amended Complaint is admitted.

90. Paragraph 90 of Plaintiff's Amended Complaint is denied.

91. To the extent that paragraph 91 of Plaintiff's Amended Complaint refers to a scheduled meeting involving Dr. Finch, admit. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 91 of Plaintiff's Amended Complaint.

92. Paragraph 92 of Plaintiff's Amended Complaint is admitted.

93. Paragraph 93 of Plaintiff's Amended Complaint is denied.

94. Paragraph 94 of Plaintiff's Amended Complaint is denied.

95. Paragraph 95 of Plaintiff's Amended Complaint is denied.

96. Paragraph 96 of Plaintiff's Amended Complaint is denied.

97. Paragraph 97 of Plaintiff's Amended Complaint is denied.

98. To the extent paragraph 98 of Plaintiff's Amended Complaint alleges feelings of Plaintiff and the conduct of other individuals, Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations. Dr. Patterson denies the remaining allegations of paragraph 98 of Plaintiff's Amended Complaint.

99. Paragraph 99 of Plaintiff's Amended Complaint is denied.

100. Paragraph 100 of Plaintiff's Amended Complaint is denied.

101. Paragraph 101 of Plaintiff's Amended Complaint is denied.

102. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 102 of Plaintiff's Amended Complaint.

103. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 103 of Plaintiff's Amended Complaint.

104. Dr. Patterson admits that paragraph 104 of Plaintiff's Amended Complaint accurately quotes an email sent by Dorothy Patterson on October 21, 2015. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

105. Dr. Patterson admits that paragraph 105 of Plaintiff's Amended Complaint accurately quotes an email sent by Dorothy Patterson on October 21, 2015. Dr. Patterson is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations

106. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 106 of Plaintiff's Amended Complaint.

**Allegation - Patterson is Ousted from SWBTS**

107. Paragraph 107 of Plaintiff's Amended Complaint is denied.

108. To the extent paragraph 108 of Plaintiff's Amended Complaint refers to a May 22, 2018 trustees meeting, admit. Dr. Patterson denies the allegation that "Patterson was called before the full SWBTS Board of Trustees". Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 108 of Plaintiff's Amended Complaint.

109. Paragraph 109 of Plaintiff's Amended Complaint is admitted.

110. With respect to paragraph 110 of Plaintiff's Amended Complaint, Dr. Patterson admits that he was removed as SWBTS President on May 30, 2018 with no benefits. Dr. Patterson denies the validity of the allegations referred to in paragraph 110, but admits that the allegations surfaced prior to his termination.

111. Paragraph 111 of Plaintiff's Amended Complaint is admitted.

112. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 112 of Plaintiff's Amended Complaint.

**Allegation - Patterson and his Proxies Launch a Public Assault on Jane Roe's Character**

113. With respect to paragraph 113 of Plaintiff's Amended Complaint, Dr. Patterson denies that he relayed false statements to Sharayah Colter for the purposes of distribution. Dr.

      Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 113.

114. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 114 of Plaintiff's Amended Complaint.

115. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 115 of Plaintiff's Amended Complaint.

116. With respect to paragraph 116 of Plaintiff's Amended Complaint, Dr. Patterson denies that he relayed false statements to Gary Loveless for the purposes of distribution. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 116 of Plaintiff's Amended Complaint.

## **CAUSES OF ACTION**

## **NEGLIGENCE**

117. Dr. Patterson incorporates his answers to all previous paragraphs of Plaintiff's Amended Complaint in response to paragraph 117 of Plaintiff's Amended Complaint.

118. Paragraph 118 of Plaintiff's Amended Complaint is denied.

119. Paragraph 119 of Plaintiff's Amended Complaint is denied.

120. Paragraph 120 of Plaintiff's Amended Complaint is denied.

121. Paragraph 121 of Plaintiff's Amended Complaint is denied.

122. Paragraph 122 of Plaintiff's Amended Complaint is denied.

123. Paragraph 123 of Plaintiff's Amended Complaint is denied.

124. Paragraph 124 of Plaintiff's Amended Complaint is denied.

125. Paragraph 125 of Plaintiff's Amended Complaint is denied.

126. Paragraph 126 of Plaintiff's Amended Complaint is denied.

127. Paragraph 127 of Plaintiff's Amended Complaint is denied.

128. Paragraph 128 of Plaintiff's Amended Complaint is denied.

## **PUBLIC DISCLOSURE OF PRIVATE FACTS**

129. Dr. Patterson incorporates his answers to all previous paragraphs of Plaintiff's Amended Complaint to in response to paragraph 129 of Plaintiff's Amended Complaint.

130. Paragraph 130 of Plaintiff's Amended Complaint is denied.

131. Paragraph 131 of Plaintiff's Amended Complaint is denied.

132. Paragraph 132 of Plaintiff's Amended Complaint is denied.

133. Paragraph 133 of Plaintiff's Amended Complaint is denied.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

134. Dr. Patterson incorporates his previous answers to all paragraphs of Plaintiff's Amended Complaint in response to paragraph 134 of Plaintiff's Amended Complaint.

135. Paragraph 135 of Plaintiff's Amended Complaint is denied.

136. Paragraph 136 of Plaintiff's Amended Complaint is denied.

137. Paragraph 137 of Plaintiff's Amended Complaint is denied.

138. Paragraph 138 of Plaintiff's Amended Complaint is denied.

139. With respect to paragraph 139 of Plaintiff's Amended Complaint, Dr. Patterson denies that he published or caused to be published the false statements described. Dr. Patterson further denies the characterization of his behavior as extreme and outrageous. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations paragraph 139.

140. Paragraph 140 of Plaintiff's Amended Complaint is denied.

141. Dr. Patterson is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 141 of Plaintiff's Amended Complaint.

142. Paragraph 142 of Plaintiff's Amended Complaint is denied.

143. Paragraph 143 of Plaintiff's Amended Complaint is denied.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

144. Dr. Patterson incorporates his previous answers to all paragraphs of Plaintiff's Amended Complaint in response to paragraph 144 of Plaintiff's Amended Complaint.

145. Paragraph 145 of Plaintiff's Amended Complaint is denied.

146. Paragraph 146 of Plaintiff's Amended Complaint is denied.

147. Paragraph 147 of Plaintiff's Amended Complaint is denied.

## RELIEF REQUESTED

148. Dr. Patterson is not required to respond to the prayer of Plaintiff's Amended Complaint because it is legal in nature, but asserts that Plaintiff is not entitled to any of the items in the prayer because her claims against him are without merit.

149. All the factual allegations contained in Plaintiff's Amended Complaint which are not expressly admitted are denied.

## FIRST AFFIRMATIVE DEFENSE – FREE EXERCISE CLAUSE

150. Plaintiff's meeting with Dr. Patterson, including those involved in any meeting and the information shared, is protected by the Free Exercise clause of the First Amendment to the Constitution of the United States.

## SECOND AFFIRMATIVE DEFENSE – RELIGION CLAUSES

151.  Any attempt to hold Dr. Patterson liable for conduct delegated to other officials of Southwestern Baptist Theological Seminary under its governing document is defeated by the First Amendment religion clauses of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE – LIMITATIONS (NEGLIGENCE)

152.  Roe's causes of action for negligence and gross negligence are barred by the applicable two-year statute of limitations. Dr. Patterson's alleged conduct was not violative of the acts described in Section 16.0045 of the Texas Civil Practice & Remedies Code. Therefore, the 5-year statute of limitations does not apply.

## FOURTH AFFIRMATIVE DEFENSE – LIMITATIONS (IIED)

153.  Roe's cause of action for intentional affliction of emotional distress is barred, in whole or in part, by the applicable two-year statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE – LIMITATIONS (PUBLIC DISCLOSURE)

154.  Roe's cause of action for public disclosure of private facts is barred, in whole or in part, by the applicable two-year statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE – EXCESSIVE ENTANGELEMENT

155.  Roe's claims for negligence and gross negligence intend to adjudicate the reasonableness of admitting John Doe to SWBTS in order to become a minister through his education. Adjudication of Doe's admission to SWBTS and his resulting employment necessarily creates an excessive entanglement with religion in violation of the First Amendment.

## SEVENTH AFFIRMATIVE DEFENSE – CHAPTER 84

156. Dr. Patterson asserts and invokes the protections and limitations of his potential liability pursuant to chapter 84 of the Texas Civil Practice and Remedies Code.

## EIGHTH AFFIRMATIVE DEFENSE – CHAPTER 33 (APPORTIONMENT)

157. Dr. Patterson asserts, to the extent the evidence supports it, that the negligence of all named parties, any responsible third-parties, and/or any settling parties should be compared with that of Dr. Patterson and that any damages found be reduced in accordance with chapter 33 of the Texas Civil Practice & Remedies Code.

## NINTH AFFIRMATIVE DEFENSE – CHAPTER 33 (SETTLEMENT)

158. In the event Roe compromises or settles, or has already compromised or settled, claims and/or causes of action against any individual or entity arising out of the claims made the subject of this lawsuit, Dr. Patterson reserves the rights and options granted him in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code.

## TENTH AFFIRMATIVE DEFENSE – SEVERAL CAUSES

159. The injuries alleged by Roe can be attributable to several causes and should be apportioned among those various causes according to the respective contribution of each cause of harm sustained, is any.

## TWELFTH AFFIRMATIVE DEFENSE – DUTY (NEGLIGENCE)

160. With respect to Roe's claims for negligence and gross negligence, Dr. Patterson owed no duty to Roe.

## THIRTEENTH AFFIRMATIVE DEFENSE – PERSONAL LIABILITY

161. Pursuant to section 22.152 of the Texas Business Organizations Code, Dr. Patterson is not personally liable for the liability of SWBTS.

## FOURTEENTH AFFIRMATIVE DEFENSE - CAUSATION

162. Dr. Patterson's conduct was not a cause, the cause, the sole cause, a proximate cause, the sole proximate cause, or a contributing cause of any injuries or damages claimed by Roe.

## FIFTEENTH AFFIRMATIVE DEFENSE – CAUSATION (OTHER PARTIES)

163. The injuries alleged in Roe's petition were proximately and solely caused by the negligent acts or omissions of third parties not under the control of Dr. Patterson.

## SIXTEENTH AFFIRMATIVE DEFENSE - FORESEEABILITY

164. Roe's alleged injuries were proximately caused by unforeseeable, independent, intervening, and/or superseding events beyond the control, and unrelated to the conduct of Dr. Patterson. Dr. Patterson's acts and omissions were superseded by such unforeseeable, independent, intervening and/or superseding events, and, as such, Dr. Patterson is not liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE – EXTREME AND OUTRAGEOUS

165. Dr. Patterson denies that his conduct was extreme and outrageous.

## EIGHTEENTH AFFIRMATIVE DEFENSE – INTENTIONAL OR RECKLESS

166. Dr. Patterson denies that he acted intentionally or recklessly to cause severe emotional distress to Roe.

## NINETEENTH AFFIRMATIVE DEFENSE – ALTERNATIVE CLAIM

167. Roe has not established a necessary element of her claim for intentional infliction of emotional distress, which is that no alternative cause of action would provide a remedy for the alleged severe emotional distress.

## TWENTIETH AFFIRMATIVE DEFENSE - PUBLICITY

168. Dr. Patterson denies giving publicity to matters concerning Roe's personal life.

## TWENTY-FIRST AFFIRMATIVE DEFENSE – PUBLIC CONCERN

169. The publicized matters complained of in Plaintiff's Amended Complaint are issues of legitimate public concern.

## TWENTY-SECOND AFFIRMATIVE DEFENSE – CPRC 41.0105

170. Dr. Patterson pleads the provisions and limitations of CPRC §41.0105, providing that any recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Roe.

## TWENTY-THIRD AFFIRMATIVE DEFENSE – CPRC 18.091

171. Evidence as to the recovery of loss of earnings and/or loss of earning capacity, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability under federal income tax law per CPRC §18.091.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE – PRE-EXISTING CONDITIONS

172. Dr. Patterson is not liable for Roe's alleged injuries resulting from pre-existing and/or unrelated medical or mental conditions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE –INTEREST

173. Pre-judgment interest shall be limited pursuant to the provisions of the Texas Finance Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE – GROSS NEGLIGENCE

174. Dr. Patterson denies that his conduct rose to a level of gross neglect as defined in section 41.001(11) of the Texas Civil Practices and Remedies Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE – EXEMPLARY DAMAGE CAP

175. Section 41.008 of the Texas Civil Practice and Remedies Code limits the recovery of exemplary damages. Specifically, exemplary damages awarded against a defendant may not exceed an amount equal to the greater of the following: (1) two times the amount of economic damages, plus an amount equal to any non-economic damages found by the jury not to exceed $750,000; or (2) $200,000.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

176. Roe has failed to state a claim upon which relief can be granted.

## PRAYER

**WHEREFORE**, Defendant Leighton Paige Patterson prays that all relief sought by Plaintiff against him be denied and for such other relief the Court deems appropriate.

Respectfully submitted,

**GRAU LAW GROUP, PLLC**


 */s/ Jim Grau*
**JIM GRAU**
State Bar No.: 08306350
*jgrau@graulawgroup.com*

**TRAVIS J. JONES**
State Bar No.: 24101979
*tjones@graulawgroup.com*

1445 Ross Avenue, Suite 4700
Dallas, Texas 75202
(214) 521-4145 Telephone
(214) 521-4320 Facsimile

**ATTORNEYS FOR LEIGHTON PAIGE PATTERSON**


**CERTIFICATE OF SERVICE**

On August 26, 2019, Grau Law Group, PLLC delivered a true and correct copy of the Original Answer of Leighton Paige Patterson to the following counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure:

| | |
|---|---|
| Sheila P. Haddock | David M. Macdonald |
| Alexander S. Zalkin | Jennifer D. LeBlanc |
| Irwin M. Zalkin | Macdonald Devin, P.C. |
| THE ZALKIN LAW FIRM, P.C. | 3800 Renaissance Tower |
| 12555 High Bluff Drive, Suite 301 | 1201 Elm Street |
| San Diego, California 92130 | Dallas, Texas 75270 |
| *sheila@zalkin.com* | *dmacdonald@macdonalddevin.com* |
| *alex@zalkin.com* | *jleblanc@macdonalddevin.com* |
| *irwin@zalkin.com* | ***Counsel for Southwestern Baptist*** |
| ***Counsel for Plaintiff*** | ***Theological Seminary*** |


 */s/ Travis J. Jones*
**TRAVIS J. JONES**