IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL NO. 4:19-CV-00179-SDJ |
| LEIGHTON PAIGE PATTERSON, in his | § | |
| individual capacity; SOUTHWESTERN | § | |
| BAPTIST THEOLOGICAL SEMINARY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY'S
REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL
INDEPENDENT MENTAL EVALUATION OF PLAINTIFF
AND FOR EXTENSION OF EXPERT DESIGNATION DEADLINE**

COMES NOW Defendant Southwestern Baptist Theological Seminary ("SWBTS") and files its Reply to Plaintiff's Response to SWBTS's Motion to Compel Independent Mental Evaluation of Plaintiff and for Extension of Expert Designation Deadline, and in support thereof would respectfully show the Court as follows:

**I.
PLAINTIFF SHOULD BE ORDERED TO APPEAR FOR A MENTAL EVALUATION**

Plaintiff agreed to Dr. Barbara Ziv's evaluation on January 11, 2021. She later objected to Dr. Ziv conducting the evaluation on March 12, 2021 because it was after SWBTS's expert designation deadline of February 11, 2021. After Dr. Ziv had a cancellation, SWBTS advised Plaintiff that Dr. Ziv could perform the evaluation on February 15, 2021, which is two business days after SWBTS's expert designation deadline.[1] Plaintiff again refused to agree, claiming that Dr. Ziv's evaluation on February 15, 2021 is untimely. The Court should order Plaintiff to

---

[1] See Exhibit A of SWBTS's Fourth Motion to Seal Exhibits.

1

present for Dr. Ziv's evaluation on February 15, 2021, March 12, 2021, or on a subsequent date on which Plaintiff and Dr. Ziv are available.

SWBTS has shown good cause for the mental evaluation of Plaintiff. Plaintiff's retained psychologist Robert Geffner, Ph.D. evaluated Plaintiff and opined that Plaintiff suffered posttraumatic stress disorder and severe major depressive disorder as a result of the incidents at issue.[2] SWBTS is entitled to have Dr. Ziv evaluate Plaintiff because of the alleged severity of her emotional problems and SWBTS's questions concerning the extent of and cause of her emotional problems. *See Eckman v. University of Rhode Island,* 160 F.R.D. 431, 434 (D.R.I. 1995). Plaintiff has clearly placed her mental condition in controversy, and there are other events that have contributed to Plaintiff's emotional distress. Therefore, SWBTS has established good cause for the examination.

## II.
## SWBTS TIMELY REQUESTED DR. ZIV'S MENTAL EVALUATION

SWBTS timely requested Dr. Ziv's evaluation on December 14, 2020, which was well in advance of SWBTS's expert designation deadline of February 11, 2021. Plaintiff did not advise SWBTS that she is opposed to the date of Dr. Ziv's evaluation until January 15, 2021. SWBTS's actions do not constitute lack of diligence.

The depositions of Plaintiff, her mother and sister, were scheduled for March 24, 25, and 26, 2020, respectively. Due to COVID-19 safety concerns, stay at home orders and travel restrictions, the parties agreed postpone those depositions. Plaintiff then filed her motion to modify protective and confidentiality order, asking the Court to limit attendance at depositions, on April 17, 2020 (Dkt. 31). The Court ruled on Plaintiff's motion on August 17, 2020 (Dkt. 83).

---

[2] See Exhibit C of SWBTS's Third Motion to Seal Exhibits.

Plaintiff failed to produce her medical records with her Initial Disclosure or in response to SWBTS's discovery. Therefore, SWBTS filed its motion to compel (Dkt. 55). The Court ruled on SWBTS' motion on August 17, 2020, ordering Plaintiff to produce her medical records (Dkt. 83). Plaintiff produced her medical records on August 31, 2020, but those records do not reflect any healthcare treatment as a result of the incidents at issue that would support Plaintiff's "severe emotional distress."

Following the Court's order of August 17, 2020, SWBTS promptly requested the depositions of Plaintiff, her mother and sister.[3] Those depositions were taken in Houston, Texas on November 10 and 11, 2020.[4] SWBTS received Plaintiff's deposition transcript on approximately December 4, 2020, and promptly forwarded that transcript to Dr. Ziv. Following review of Plaintiff's records and deposition transcript, Dr. Ziv requested an evaluation of Plaintiff.

SWBTS forwarded correspondence to Plaintiff requesting Dr. Ziv's evaluation on December 14, 2020, January 7 and January 11, 2021.[5] Plaintiff did not advise that she is unopposed to Dr. Ziv's evaluation until January 11, 2021, which was the same day Plaintiff designated her psychology expert Robert Geffner, Ph.D.[6]

On January 14, 2021, SWBTS advised Plaintiff that Dr. Ziv is available for the evaluation on March 12, 2021.[7] For the first time, Plaintiff advised that she opposes the date of the evaluation because it is after SWBTS's expert designation deadline of February 11, 2021.[8] On February 4, 2021, SWBTS advised Plaintiff that Dr. Ziv had a recent cancellation and is

---

[3] See Exhibit F of SWBTS's Third Motion to Seal Exhibits.
[4] Id.
[5] See Exhibits A and B of SWBTS's Third Motion to Seal Exhibits.
[6] Id.
[7] Id.
[8] Id.

3

available to conduct her evaluation on February 15, 2021, which is two business days after SWBTS's expert designation deadline.[9] Plaintiff again refused to agree to Dr. Ziv's evaluation on February 15, 2021, claiming that the evaluation is untimely.[10]

Dr. Ziv is not available to conduct her evaluation until February 15 or March 12, 2021 based on her reduced schedule and the amount of time she spends caring for her husband.[11] SWBTS timely requested Dr. Ziv's evaluation prior to its expert designation deadline. Plaintiff failed to advise that she is opposed to the date of the evaluation until January 15, 2021. The Court should order Plaintiff to appear for Dr. Ziv's evaluation on February 15, March 12, 2021, or a subsequent date on which Plaintiff and Dr. Ziv are available.

### III.
### COURT SHOULD EXTEND SWBTS'S EXPERT DESIGNATION DEADLINE

SWBTS has shown good cause for extension of its expert designation deadline. As outlined above, the depositions of Plaintiff, her mother and sister were delayed by Plaintiff's motion to modify protective and confidentiality order. After the Court ruled on that motion, SWBTS deposed Plaintiff, her mother and sister.[12] SWBTS received Plaintiff's deposition transcript on approximately December 4, 2020, and promptly forwarded that transcript to Dr. Ziv. Following review of Plaintiff's records and deposition transcript, Dr. Ziv requested an evaluation of Plaintiff.

SWBTS requested Dr. Ziv's evaluation on December 14, 2020.[13] Plaintiff did not advise that she is opposed to the date of Dr. Ziv's evaluation until January 15, 2021.[14]

---

[9] See Exhibit A of SWBTS's Fourth Motion to Seal Exhibits.
[10] Id.
[11] See Exhibit D of SWBTS's Third Motion to Seal Exhibits.
[12] See Exhibit F of SWBTS's Third Motion to Seal Exhibits.
[13] See Exhibit A of SWBTS's Third Motion to Seal Exhibits.
[14] See Exhibit B of SWBTS's Third Motion to Seal Exhibits.

SWBTS agreed to Plaintiff's requested extensions to respond to discovery requests, and to extend the discovery, dispositive motion and mediation deadlines.[15] In addition, SWBTS has cooperated with Plaintiff in scheduling approximately eighteen depositions to date. Despite SWBTS's cooperation with Plaintiff, Plaintiff refuses to allow Dr. Ziv to conduct her evaluation two business days after SWBTS's expert designation deadline.

SWBTS has shown good cause to allow Dr. Ziv to conduct her evaluation of Plaintiff on February 15 or March 12, 2021, and to supplement her report within two weeks of her evaluation. Based on Dr. Ziv's schedule, including caring for her husband, she is not available until February 15 and March 12, 2021. Plaintiff cannot demonstrate any potential harm by this extension. The Court has extended the discovery deadline until April 20, 2021. If the Court grants this motion, Plaintiff will have a sufficient amount of time to complete discovery following SWBTS's production of Dr. Ziv's supplemental report.

## IV.
## CONCLUSION AND PRAYER

SWBTS moves this Court to compel Plaintiff to appear for Dr. Ziv's evaluation on February 15 or March 12, 2021 or a subsequent date on which Dr. Ziv and Plaintiff are available. SWBTS also requests that the Court extend SWBTS's deadline to designate experts for the sole purpose of allowing Dr. Ziv to conduct her evaluation after February 11, 2021 and to supplement her report to reflect the findings of her evaluation within two weeks following her evaluation. SWBTS further requests such other and further relief that this Court may deem just and proper.

---

[15] See Plaintiff's Motion to Seal Exhibits (Dkt. 98), Exhibits A-6, A-7 and A-9.

        Respectfully submitted,

        MACDONALD DEVIN, P.C.

        */s/ David M. Macdonald*
        David M. Macdonald
        Attorney-in-Charge
        Texas Bar No. 12755300
        Southern District ID 22762
        dmacdonald@macdonalddevin.com
        3800 Renaissance Tower
        1201 Elm Street
        Dallas, TX 75270
        214.744.3300
        214.747.0942 (Facsimile)

        *Attorney-in-Charge for Defendant*
        *Southwestern Baptist Theological Seminary*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court on this 9th day of February, 2021.

        */s/ David M. Macdonald*
        David M. Macdonald