UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JANE ROE § | |
| § | |
| v. § | CIVIL NO. 4:19-CV-179-SDJ |
| § | |
| LEIGHTON PAIGE PATTERSON, § | |
| ET AL. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Roe sued Defendants Southwestern Baptist Theological Seminary ("SWBTS") and the former SWBTS president, Leighton Paige Patterson, for various causes of action related to alleged sexual assaults suffered by Roe while she attended SWBTS and the alleged actions Defendants took in response to Roe's report of the assaults. Now before the Court are Roe's motions to strike experts designated by SWBTS and cross-designated by Patterson. (Dkt. #122, #123). The Court, having reviewed the motions, the relevant briefing, and the applicable law, **GRANTS** the motions.

### I. BACKGROUND

Roe has asserted claims against SWBTS and Patterson for negligence, alleging that they failed to act reasonably to prevent the alleged sexual assaults she suffered as a student-employee at SWBTS at the hands of another SWBTS student-employee, John Doe. SWBTS timely designated two experts to testify in this case. Dr. Edward F. Dragan, who has been designated as a "school liability expert" by SWBTS, opines that SWBTS met the "professional standard of care" to develop appropriate sexual harassment policies for its students and employees, responded in a timely manner to

1

Roe's allegations of sexual assault, and maintained admissions procedures as to incoming students that were consistent with other colleges and universities. (Dkt. #117). James J. McNamara, who has been designated a "criminology, risk of violence predictions, and foreseeability expert" by SWBTS, opines that, based on the totality of the circumstances in this case, "the alleged crimes committed against [Roe] were not reasonably foreseeable to [SWBTS]." (Dkt. #130-1). Patterson subsequently cross-designated both experts. In her motions, Roe urges the Court to strike the reports of these experts and exclude their testimony under Federal Rules of Evidence 702 and 403.

## II. LEGAL STANDARD

### A. Federal Rules of Evidence 702 and 403

Federal Rule of Evidence 702 provides for the admission of expert testimony if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (1999).

The party offering expert testimony has the burden to prove by a preponderance of the evidence that (1) the expert is qualified, (2) the testimony is

relevant to an issue in the case, and (3) the testimony is reliable. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016); *Daubert,* 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. And to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert,* 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho,* 526 U.S. at 147).

It is also well established that an expert may not render conclusions of law. *See, e.g.*, *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law."); *Snap–Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (same); *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."). Instead, "our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). As the Fifth Circuit has explained, allowing experts to provide legal conclusions would be harmful to the jury:

> First, the jury would be very susceptible to adopting the expert's conclusion rather [than] making its own decision. There is a certain mystique about the word "expert" and once the jury hears of the attorney's experience and expertise, it might think the witness even more reliable than the judge. Second, if an expert witness were allowed to testify to legal questions, each party would find an expert who would

3

state the law in the light most favorable to its position. Such differing opinions as to what the law is would only confuse the jury.

*Id.* (citation omitted).

Similarly, "[a]n expert cannot 'merely tell the jury what result to reach.'" *Greger v. C.R. Bard, Inc.*, No. 4:19-CV-675-SDJ, 2021 WL 3855474, at *10 (E.D. Tex. Aug. 30, 2021) (quoting *Salas v. Carpenter*, 980 F.2d 299, 305 n.4 (5th Cir. 1992)). Such testimony will not assist the trier of fact in either understanding the evidence or determining a fact in issue. *See* FED. R. EVID. 702(a).

Under Rule 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### B. Texas Law of Negligence

Under Texas law, which governs the underlying claims in this diversity case, the elements of Roe's negligence causes of action are the existence of a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The "threshold inquiry in a negligence case is duty," and Roe must establish "both the existence and the violation of a duty owed to [her] by [Defendants]." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). The general duty or standard of care applicable in a negligence case is "to act as a reasonably prudent person would act under the same or similar circumstances[.]" *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984) (citation omitted).

4

Proximate cause consists of two elements: cause in fact and foreseeability. *Boys Clubs of Greater Dall.*, 907 S.W.2d at 477. The test for cause in fact is whether the negligent "act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred." *Id.* (quotation omitted). Foreseeability, which is relevant both to whether a duty exists and as an element of proximate cause, "requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Id.* at 478; *Phillips*, 801 S.W.2d at 525.

### III. DISCUSSION

**A. Dr. Dragan's Testimony is Inadmissible under Federal Rules of Evidence 702 and 403.**

Invoking Rules 702 and 403, Roe moves to strike the testimony and report of Dr. Dragan. Roe asserts that Dr. Dragan's report contains inadmissible conclusions of law and application of law to the evidence in this case, which invade both the role of the judge and the jury. Roe also contends that Dr. Dragan's opinions are inadmissible under Federal Rule of Evidence 403 because they are prejudicial, confusing, misleading, and cumulative. The Court agrees and concludes that Dr. Dragan's report should be stricken and his testimony should be excluded.

**i.   Dr. Dragan's proposed expert testimony on the "standard of care" will not assist the jury under Federal Rule of Evidence 702.**

Dr. Dragan describes his assignment in this case as involving a review of the record materials provided to him in order to render an opinion as to whether SWBTS "met the standard of care for a religious institution of higher education to maintain a learning environment that is free from sexual harassment and assault for its students," including Roe. (Dkt. #117 at 1). Dragan goes on to opine that SWBTS "met

5

the standard of care for the development and implementation of its sexual harassment policy and its admissions procedures relative to determining past criminal conduct of prospective students." (Dkt. #117 at 12).

The proposed expert testimony offered by Dragan fails at the outset because such testimony generally is not appropriate to establish the standard of care for a normal negligence case under Texas law. Instead, "[e]xpert testimony is necessary only when the alleged negligence is of such a nature as not to be within the experience of the layman." *FFE Transp. Services, Inc. v. Fulgham*, 154 S.W.3d 84, 90–91 (Tex. 2004) (quotation omitted) (citing, as examples of when expert testimony is necessary, cases involving the diagnosis of skull fractures, inspection and repair of aircraft engine, and operation of an aircraft and aerial application of herbicide).

To determine whether expert testimony is necessary to establish the standard of care, "Texas courts have considered whether the conduct at issue involves the use of specialized equipment and techniques unfamiliar to the ordinary person." *Id.* at 91. Typically, expert testimony regarding the standard of care is required only in cases involving healthcare or other highly specialized fields. *See, e.g., Pierson v. United States*, 605 F.App'x 293 (5th Cir. 2015) (per curiam) (noting that Texas law generally requires expert testimony to establish the standard of care in a medical malpractice case); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848, 850 (Tex. 2005) (discussing generally the necessity of medical expert testimony to determine the standard of care in negligence cases dealing with the provision of

6

medical or health care services because the standard is that of "trained and experienced medical professionals").

The relevant question presented in this case is whether SWBTS and Patterson met the "reasonably prudent person" standard applicable to negligence claims under Texas law, given what they knew about Doe and his past, and whether SWBTS met the standard of care to appropriately supervise Patterson and Doe. Neither of these questions involve a highly specialized field or other technical issues that will be outside the knowledge of the average juror. Thus, expert testimony on the standard of care is inappropriate.

Moreover, Dr. Dragan's conclusion that SWBTS met its "standard of care" is an inadmissible legal conclusion. *See Askanase*, 130 F.3d at 673 (holding that an expert opinion on whether individuals breached their fiduciary duties was an inadmissible legal conclusion). In this regard, Dr. Dragan's "reasons" for his opinion that SWBTS met the standard of care are comprised of a summary of the evidence he reviewed followed by his conclusions that SWBTS's actions were "appropriate," "timely," and "met the standard of care." (Dkt. #117). In so doing, Dr. Dragan's proposed expert testimony plainly "invade[s] upon the purview of the court and direct[s] the jury what result to reach, both of which are improper." *See Richards v. Lufkin Indus., Inc.*, No. 9:14-CV-00136, 2017 WL 4320700, at *4 (E.D. Tex. Sept. 28, 2017).

### ii. Dr. Dragan's opinion is also inadmissible because it mistakenly focuses only on background checks of incoming students, rather than student employees like Doe.[1]

Dr. Dragan's opinion is also inadmissible because it would likely be confusing to the jury on the issue of background checks. Dragan's report concludes that SWBTS's "application process, which required self-disclosure of criminal activity and did not require criminal background checks of prospective *students* . . . met the standard of care[.]" (Dkt. #117 at 11). But Dragan's report and the study he relies on do not discuss the screening procedures in place for students who are also *employees*. This is a critical distinction in this case. As Roe alleges in her complaint, it was in part because of Doe's job with SWBTS that he was able to have access to and knowledge of the buildings on campus. He then used this knowledge and access to effectuate his harassment and assaults of Roe. Beyond that, common sense dictates that screening procedures applicable to employees of a college or university, including student employees, will differ in kind to procedures for incoming students. Dragan fails to even acknowledge, much less address, this distinction.

Because Dr. Dragan's methodology and his corresponding conclusions are premised in substantial part solely on the screening of students, rather than student-employees, such conclusions are at best incomplete and at worst misleading and

---

[1] The Court notes that Roe did not raise this argument in her briefing, but the Court raises this issue as part of its gate-keeping function to "ensure the reliability and relevancy of expert testimony." *Black v. Food Lion, Inc.*, 171 F.3d 308, 311 (5th Cir. 1999) (quoting *Kumho*, 526 U.S. at 152).

confusing under the circumstances of this case. For this additional reason, and because Dragan's opinion is likely to confuse the jury, it is inadmissible.

### B. McNamara's Testimony is also Inadmissible.

Mr. McNamara describes his assignment in this case as follows: "I have been asked to offer opinions as to the reasonable foreseeability of the alleged sexual assaults of [Jane Roe] committed by [John Doe] at [SWBTS]." (Dkt. #130-1 at 1). McNamara goes on to opine that, based on the "totality of [the] circumstances" in this case, the "alleged crimes committed against [Jane Roe] were not reasonably foreseeable to [SWBTS]." (Dkt. #130-1 at 12); *see also* (Dkt. #130-1 at 11) (McNamara stating in the "Conclusion" of his report that "[i]t is my opinion that the sexual assaults of [Jane Roe] were not reasonably foreseeable to SWBTS"). In short, McNamara was specifically asked to provide, and has offered, an opinion directed precisely at the question of whether the sexual assaults suffered by Roe were "foreseeable" by SWBTS.

Roe moves to strike McNamara's report and exclude his testimony on the grounds that expert testimony on foreseeability is not appropriate in this case and his proposed testimony would not help the jury; that his opinions fall outside his skills, knowledge, and experience; and that his testimony will confuse the jury and waste time. The Court agrees that McNamara's report should be stricken and his testimony should be excluded.

Expert testimony is not appropriate on the element of foreseeability in an ordinary negligence case. Under Texas law, foreseeability "involves a practical inquiry based on *common experience applied to human conduct.*" *Boys Clubs of*

9

*Greater Dall.*, 907 S.W.2d at 478 (emphasis added and quotation omitted). As a court in the Southern District of Texas recognized, "[f]ew courts have addressed the admissibility of expert testimony on the foreseeability that a particular individual is likely to commit sexual assault or abuse." *See John Doe I v. Roman Catholic Diocese of Galveston-Houston*, No. CIV. H-05-1047, 2007 WL 2817999, at *20 (S.D. Tex. Sept. 26, 2007) (Rosenthal, J.) (collecting out-of-state cases and noting that the cases cited did not allow an expert to opine as to whether it was reasonably foreseeable that a particular individual, who did not have a history of prior abuse of children, was likely to abuse children in the future). Similarly, this Court is not aware of any Texas cases allowing expert testimony on the issue of foreseeability for this type of negligence claim.[2] The court in *John Doe I* went on to conclude that, "[w]hether the information about [the assailant] made the risk of his sexual attacks reasonably foreseeable to the [defendants] is a question committed by Texas law to the reasonable person standard," and therefore "expert conclusions . . . are neither relevant nor admissible on this point." *Id.* 2007 WL 2817999, at *21 (quotation omitted).

The same reasoning applies here. The question of whether or not the information Defendants had about Doe made the risk of his sexual attacks on Roe

---

[2] SWBTS cites premises-liability cases to support its argument that expert testimony on foreseeability would be helpful here. But in a premises-liability action under Texas law, a duty to protect a third-party from criminal acts only arises when "an unreasonable risk of criminal conduct" is foreseeable to the landlord. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). Whether there is an "unreasonable risk of criminal conduct" is a factor-based analysis that includes looking at other crimes within a certain geographic area, the publicity afforded to those crimes, the characteristics of those crimes, and the frequency and recency of those crimes. *Id.* at 756–57. This type of analysis does not apply here. Thus, such cases are inapposite.

foreseeable is controlled by Texas's "reasonable person" standard and McNamara's proposed expert conclusions on this issue are irrelevant and inadmissible. *See id.*[3]

For the foregoing reasons, the Court concludes that McNamara's report shall be stricken and his testimony shall be excluded as inadmissible.[4]

### IV. CONCLUSION

Plaintiff Jane Roe's Motion to Strike Expert Report and Exclude Testimony of Edward F. Dragan, (Dkt. #122), and Motion to Strike Expert Report and Exclude Testimony of James J. McNamara, (Dkt. #123), are **GRANTED**.

Further, it is hereby **ORDERED** that Dr. Edward Dragan's report is **STRICKEN** and his testimony will be **EXCLUDED**, and James McNamara's report is likewise **STRICKEN**, and his testimony also will be **EXCLUDED**.

**So ORDERED and SIGNED this 31st day of March, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[3] To the extent McNamara proposes to offer expert opinions concerning the "standard of care" that are not inextricably intertwined with his inadmissible "foreseeability" conclusions, such opinions are inadmissible at the outset for the same reason applicable to Dr. Dragan's similar opinion. *See supra* Part III.A.i. The negligence questions in this case do not involve a highly specialized field or other technical issues that will be outside the knowledge of the average juror. Thus, expert testimony on the standard of care is inappropriate.
  Additionally, the Court need not address Roe's arguments regarding whether McNamara is qualified to offer his opinions in this case because, in any event, his opinions are inadmissible.

[4] SWBTS also argues that Roe's motions to strike should be denied because Roe has not yet deposed either expert. The Court concludes that the cases relied on by SWBTS on this point do not support this conclusion and rejects this argument as unpersuasive.

11