IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-00179-SDJ |
| | § | |
| LEIGHTON PAIGE PATTERSON, in his | § | |
| individual capacity; SOUTHWESTERN | § | |
| BAPTIST THEOLOGICAL SEMINARY, | § | |
|     *Defendants*. | § | |

**DEFENDANT SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY'S
<u>BRIEF ON THE SCOPE OF REMAND</u>**

Defendant Southwestern Baptist Theological Seminary ("SWBTS") files this Brief on the Scope of Remand and respectfully shows the Court as follows. *See* ECF No. 484.

## I. INTRODUCTION

On July 1, 2025, the Court held a status conference to address the proceedings on remand, following the Fifth Circuit's rulings in *Roe v. Patterson*, 2024 WL 1956148 (5th Cir. May 3, 2024) (per curiam) ("*Roe I*") and *Roe v. Patterson*, 2025 WL 673436 (5th Cir. Mar. 3, 2025) (per curiam) ("*Roe II*"). The parties disputed the scope of remand—particularly, "whether, with respect to the remaining defamation claim, the Fifth Circuit vacated this Court's judgment only as to Patterson or as to Patterson and [SWBTS]." ECF No. 484.[1] Thus, the Court directed the parties to submit pointed briefing, *id.*—and, specifically, to identify authorities directing courts to look to an appellate court's opinion, not merely its decretal language, to determine the scope of remand.

SWBTS now submits that briefing, which underscores three dispositive points:

- *First*, under the Fifth Circuit's "mandate rule," a district court on remand "must implement both the letter and the spirit of the appellate court's mandate," taking "into account the appellate court's opinion and the circumstances it embraces." *Gen. Univ. Sys., Inc. v. Hal, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (cleaned up);

- *Second*, "what matters … is the substance of the disposition, not merely the form" or its "decretal language." *City of San Antonio, Tex. v. Hotels.com, L.P.*, 959 F.3d 159, 164-65 (5th Cir. 2020); and

- *Third*, the mandate rule "foreclose[s] relitigation" when the Fifth Circuit expressly or impliedly decides an issue, *Johnson v. Maestri Murrell Prop. Mgmt.*, 555 F. App'x 309, 313-14 (5th Cir. 2014) (per curiam), including "issues decided by the district court but foregone on appeal or otherwise waived," *U.S. v. Shoemaker*, 626 F. App'x 93, 96 (5th Cir. 2014) (per curiam) (cleaned up).

Applying these principles, the Fifth Circuit's decision forecloses relitigation of Roe's defamation claim against SWBTS. This Court granted summary judgment on that claim (for distinct reasons from its ruling for Patterson), and the Fifth Circuit vacated the summary judgment

---

[1] Roe initially claimed that the Fifth Circuit vacated the summary judgment in full, as to *all* of her defamation claims. This Court correctly rejected that argument, agreeing that only Roe's defamation claim based on the "Loveless Letter" remains live. ECF No. 484. As explained here, that claim remains live only against *Patterson*.

order *only* as to the Roe's defamation claim against Patterson. Accordingly, SWBTS requests that the Court enforce the mandate and reject Roe's effort to reopen a decided issue.

## II.     RELEVANT BACKGROUND

**A.     Roe sues Patterson and SWBTS for defamation based on the "Loveless Letter."**

Roe sued Patterson and SWBTS for defamation based on statements in the "Loveless Letter," offering differing theories of vicarious liability. Roe claimed Patterson is liable through Scott Colter, who was "allegedly involved in its dissemination and preparation" and "undertook this involvement as an agent of Patterson." *Roe I*, 2024 WL 1956148, at *2. For SWBTS, Roe admitted that the Loveless Letter's authors—Gary Loveless and Susan Oliver—"were not at any point in time employees of SWBTS," but claimed "SWBTS may be liable … because SWBTS employees … were heavily involved in the preparation of the letter[.]" *See* ECF No. 462 at 48.

**B.     The Court granted summary judgment for Patterson and SWBTS on different bases.**

On summary judgment, this Court ruled for Patterson that (a) no evidence supported an agency relationship between Colter and Patterson but, regardless, (b) Roe did not tie any specific statements in the Loveless Letter to the alleged agent. *Id.* at 38-39 & n.17. For SWBTS, the Court ruled that "there is no genuine, material fact issue indicating that any of [the named SWBTS employees] were acting on behalf of SWBTS in regard to the Loveless Letter"; rather, any involvement by them "was decidedly outside the scope of their employment[.]" *Id.* at 47-48.

**C.     Roe appealed—and the Fifth Circuit affirmed in large part.**

Roe appealed, focusing her defamation arguments on *Patterson*. *See* Appellant Br., 2023 WL 6520359, at *38-65. When briefly addressing SWBTS's alleged defamation, Roe's opening brief did not mention this Court's holding that any involvement by SWBTS's employees "was decidedly outside the scope of their employment with SWBTS." *See id.* at *65-67.

The Fifth Circuit affirmed in large part: "We primarily agree with the district court's

analysis and do not feel the need to address many of Roe's challenges, many of which are not responsive to the district court's decisions." *Roe I*, 2024 WL 1956148, at *1. It then certified two questions to the Texas Supreme Court concerning *Patterson*'s alleged liability:

- "*Patterson*'s potential liability for this statement depends on two questions …"

- "First, *assuming Patterson*, through Colter, either directly drafted the language … or gave those statements to the letter drafters for inclusion, is *he* liable for them?";

- "Second, even if such liability is possible, did Roe properly allege it? … [Roe] argues that *Patterson*, through Colter, is responsible …."

*Id.* at *2-3 (emphasis added). As backdrop, the panel addressed Roe's claim against Patterson:

- "Roe contends that *Patterson* is responsible ... Even though *Patterson* did not sign the letter, Roe argues that *he* is vicariously responsible …";

- "The summary judgment record also contained evidence that Colter undertook this involvement as an agent of *Patterson*"; and

- "We are persuaded that the summary judgment evidence creates a genuine issue over whether Colter was indeed acting as *Patterson's agent* and for the accomplishment of the objective of the agency[.]"

*Id.* (emphasis added) (citation omitted). The panel's certification discussion nowhere addressed Roe's claim against SWBTS, because it had already affirmed the summary judgment dismissal of that claim. In the end, the panel "affirmed in part"—and then certified the "issues stated above" that referenced Patterson alone. *Id.* at *3. The Texas Supreme Court briefing thereafter focused on *Patterson*'s liability, and Roe's and Patterson's counsel alone provided oral argument.[2]

### III.   Argument & Authorities

**A.   The mandate rule prohibits relitigation of Roe's defamation claim against SWBTS.**

For judicial order and efficiency, the Fifth Circuit follows the "mandate rule." "The mandate rule is a specific application of the law of the case doctrine." *Shoemaker*, 626 F. App'x at 96. It "compels compliance on remand with the dictates of a superior court and forecloses

---

[2] https://search.txcourts.gov/Case.aspx?cn=24-0368&coa=cossup (briefing and argument). SWBTS's joinder in Patterson's brief noted that "Roe does not raise arguments specific to SWBTS[.]" *Id.* at Appellees' Br. at 7 n.25.

relitigation of issues expressly or impliedly decided by the appellate court." *Id.* (cleaned up). A "district court must implement both the letter and the spirit of the appellate court's mandate." *Id.*

"In implementing the mandate, the district court must 'take into account the appellate court's opinion and the circumstances it embraces.'" *HAL, Inc.*, 500 F.3d at 453 (quoting *United States v. Lee*, 258 F.3d 315, 321 (5th Cir. 2004)); *see Shoemaker*, 626 F. App'x at 96 ("In determining the scope of the mandate, we should consult [this court's prior] opinion to ascertain what was intended by [the] mandate.") (cleaned up). To that end, "decretal language" does not control. *Hotels.com*, 959 F.3d at 164-65. "What matters" is "the *substance* of the disposition, not merely the form." *Id.* (court's decree "using the word 'vacated' instead of 'reversed'" did not control; "our mandate in the first appeal … was nothing less than a reversal").

Here, the substance of the Fifth Circuit's opinion affirms the summary judgment dismissal of Roe's defamation claim against SWBTS. Initially, this Court rejected the claim on a discrete basis: "there is no genuine, material fact issue indicating that any of [the named SWBTS employees] were acting on behalf of SWBTS in regard to the Loveless Letter[.]" ECF No. 462 at 47-48. When Roe appealed, she briefed her defamation claims, but scarcely mentioned this independent holding for SWBTS. *See* Appellant Br., 2023 WL 6520359, at *65-67.[3] Against this backdrop, the Fifth Circuit affirmed in large part, holding that "We primarily agree with the district court's analysis and do not feel the need to address many of Roe's challenges, *many of which are not responsive to the district court's decisions*." *Roe I*, 2024 WL 1956148, at *1 (emphasis added).

After affirming in part, the panel left open only the certified issues. Its certification discussion, in turn, speaks only of "Patterson's potential liability," not SWBTS's. *Roe I*, 2024 WL

---

[3] Within her discussion of "Patterson's agents," Roe's opening brief argued that a principal may be liable for its agent's act outside the "scope of the agency" if the act is "closely connected with the servant's authorized duties." *Id.* at *50-51. Roe did not make this argument, or identify any supporting fact issue, with respect to SWBTS. *See id.*

1956148, at *2-3; *supra* p.3.  These repeated and sole references to *Patterson*'s liability "would be strange if the panel understood" the certification and remand "to include multiple defendants[.]" *HAL, Inc.*, 500 F.3d at 454.

### B.    Fifth Circuit authority forecloses Roe's contrary arguments.

Roe's counsel's contrary arguments at the status conference do not survive scrutiny.  Counsel first suggested that *Roe II*'s decretal language "vacat[ing] the judgment of the district court" controls.  *See* 2025 WL 673436, at *1.  That is incorrect.  *Hotels.com*, 959 F.3d at 164-65 ("decretal language" does not control).  A district court must look to the "*substance*" of the appellate decision, *id.*, and "the circumstances it embraces."  *HAL, Inc.*, 500 F.3d at 453 (cleaned up).  Here, the "substance" and "circumstances" include *Roe I* and its broad affirmance.

*Second*, Roe's counsel suggested that her defamation claim against SWBTS remains live because the Fifth Circuit did not address it explicitly or in detail.  Not so.  The mandate rule "forecloses relitigation of issues expressly *or impliedly* decided by the appellate court."  *Id.* (citation omitted) (emphasis added).  There is "no law … to support the proposition that the law of the case doctrine and the mandate rule foreclose relitigation only of those issues discussed 'in detail.'"  *Johnson*, 555 F. App'x at 313-14.  This concept applies both when a party fails to adequately brief an issue, *HAL, Inc.*, 500 F.3d at 453, and when a party expressly raises an issue, *Johnson*, 555 F. App'x at 313.  Here, the panel did "not feel the need to address many of Roe's challenges" *because* they were "not responsive" to this Court's decisions.  *Roe I*, 2024 WL 1956148, at *1.  The resulting broad affirmance and implicit rulings do not reopen litigation against SWBTS; they foreclose it.

*    *    *

The Fifth Circuit affirmed this Court's summary judgment disposal of Roe's defamation claim against SWBTS.  SWBTS respectfully requests that this Court enforce the mandate.

        Respectfully submitted,

        */s/ Michael D. Anderson*
        Michael D. Anderson
        Texas State Bar No. 24031699
        michael.anderson@kellyhart.com
        Caitlyn E. Hubbard
        Texas State Bar No. 24097853
        caitlyn.hubbard@kellyhart.com
        **KELLY HART & HALLMAN LLP**
        201 Main Street, Suite 2500
        Fort Worth, Texas 76102
        Telephone: (817) 332-2500
        Telecopier: (817) 878-9280
        ***Attorneys for Defendant***
        ***Southwestern Baptist Theological Seminary***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court on July 23, 2025.

        */s/ Michael D. Anderson*
        Michael D. Anderson