UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL NO. 4:19-cv-00179-SDJ |
| | § | |
| LEIGHTON PAIGE PATTERSON in his Individual Capacity; and SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY, | § § § § | |
| | § | |
| *Defendants.* | § | |

## BRIEF IN SUPPORT OF A DISPOSITIVE MOTION PRIOR TO TRIAL

Defendant Dr. Leighton Paige Patterson files this Brief in Support of a Dispositive Motion Prior to Trial, respectfully showing the Court as follows:

### I.
### Summary of Brief

On March 3, 2025, the Fifth Circuit Court of Appeals vacated this Court's prior judgment on Plaintiff's defamation claim concerning the "Loveless Letter," specifically just as it relates to Scott Colter's alleged role as an agent of Dr. Patterson. The Parties have submitted a Proposed Scheduling Order and agreed on a trial setting of February 16, 2026. However, they disagree as to whether dispositive motions should be permitted before trial. Respectfully, and in light of the procedural history and the narrowness of the issue now presented, Dr. Patterson requests that the Court allow for pretrial dispositive motion practice and enter the proposed scheduling order which was separately submitted to the Court.

## II.

## **Argument and Authorities**

In its decision, the Fifth Circuit posed a series of pointed questions: Assuming that Colter, acting as Patterson's agent (which is contested), either directly drafted the language concerning Roe's allegations or supplied that language to the drafters of the letter, is Patterson liable for the resulting publication? And even if such liability is theoretically available under Texas law, did Roe adequately allege it? Roe identifies an allegedly defamatory statement and identifies Patterson (via Colter) as the putative speaker, but she does not allege, nor does the record show, that Colter actually made the statement.

Moreover, the Fifth Circuit noted that Roe's evidence does not identify any specific statement made by Colter or demonstrate that he provided the defamatory language. At most, the record suggests that Colter was involved generally with the letter and may have provided background information. Roe's theory appears to be that Colter's general involvement with the letter renders Patterson responsible for its contents, due to Colter's alleged (and contested) status as Patterson's putative agent.

But the Fifth Circuit concluded that it was uncertain whether these allegations were sufficient to state or maintain a defamation claim under Texas law and therefore certified the relevant legal questions to the Texas Supreme Court. Having received the Texas Supreme Court's response, the Fifth Circuit did not apply Texas law, as clarified, to Roe's allegations. Instead, it remanded the case to this Court to do so in the first instance.

Thus, the application of the now-clarified Texas law to the facts of this case is appropriate for summary judgment proceedings. This Court did not have the benefit of the Texas Supreme Court's opinion when ruling on Patterson's previous summary judgment motion. Patterson

contends that summary disposition remains appropriate, particularly in light of the refinement in Texas law made by the Supreme Court.

"The purpose of pre-trial procedure is to serve the best interests of justice by eliminating unnecessary proof and issues and weeding out unsupportable claims."[1] Based on the history of this case and the remaining claims at issue, these interests are supported by permitting a dispositive motion on the single, narrow claim of Plaintiff's that still survives to be filed in advance of trial.

### III.

### Requested Relief

Defendant Dr. Leighton Paige Patterson requests the Court permit the filing of a dispositive motion and include a deadline in the proposed scheduling order submitted to the Court.

Respectfully submitted,

**Grau Law Group, PLLC**

　/s/ Jim Grau　
**Jim Grau**
State Bar No.: 08306350
jgrau@graulawgroup.com

**Travis J. Jones**
State Bar No.: 24101979
tjones@graulawgroup.com

500 N. Akard St., Suite 1925
Dallas, Texas 75201
(214) 521-4145 Telephone
(214) 521-4320 Facsimile

**Attorneys for Leighton Paige Patterson**

---

[1] *Gomez v. Trustees of Harvard Univ.*, 676 F. Supp. 13, 15 (D.D.C. 1987) (citing *Manbeck v. Ostrowski,* 384 F.2d 970, 975 (D.C.Cir.1967)).

## Certificate Of Service

On July 23, 2025, Grau Law Group, PLLC served the Brief in Support of a Dispositive Motion Prior to Trial on the following counsel by CM/ECF, per the Federal Rules of Civil Procedure:

Sheila P. Haddock
Alexander S. Zalkin
Irwin M. Zalkin
The Zalkin Law Firm, P.C.
10590 W. Ocean Air Dr., Suite 125
San Diego, California 92130
*sheila@zalkin.com*
*alex@zalkin.com*
*irwin@zalkin.com*
Counsel for Plaintiff

Susan E. Hutchison
Hutchison & Foreman, PLLC
505 Pecan Street, Suite 102
Fort Worth, Texas 76102
*sehservice@fightsforright.com*
Counsel for Plaintiff

Michael D. Anderson
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
*michael.anderson@kellyhart.com*
Counsel for Southwestern Baptist Theological Seminary

    */s/ Travis J. Jones*
Travis J. Jones