UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE<br><br>Plaintiff,<br><br>v.<br><br>LEIGHTON PAIGE PATTERSON, in his individual capacity; SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § | CIVIL NO. 4:19-cv-00179-SDJ |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANT LEIGHTON PAIGE PATTERSON'S
REPLY BRIEF IN SUPPORT OF A
DISPOSITIVE MOTION PRIOR TO TRIAL**

TO THE JUDGE OF THE HONORABLE COURT:

Plaintiff Jane Roe files this Sur-Reply to Defendant Leighton Paige Patterson's Reply Brief in Support of Dispositive Motion Prior to Trial and in support shows the Court as follows:

**ARGUMENT & AUTHORITIES**

In his Reply, Patterson claims to "offer[] the Court a sense of why [he] believe[s] a renewed summary judgment practice has merit…." Ignoring the well-established standards this Court must apply when considering whether judgment as a matter of law is appropriate, Patterson actually does just the opposite. Patterson's Reply demonstrates why the issues in this case cannot be determined as a matter of law.

1

Patterson's argument suffers from two fundamental and fatal flaws. First, the "summary judgment practice" Patterson seeks to "renew" precludes the Court from doing exactly what he asks the Court to do: The Court may not weigh the evidence, may not evaluate the credibility of witnesses, and may not draw inferences in the movant's favor. Second, the Fifth Circuit has repeatedly made clear that disputes requiring the determination of a witness' state of mind, motive or intent are particularly ill-suited for summary judgment.

## I.     Patterson Ignores the Well-Established Summary Judgment Standard.

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. *Smocks v. Preston Heights Apartments*, No.4:22-cv-787, 2023 WL 5617496, at *2 (E.D. Tex. Aug. 30, 2023)(quoting Fed. R. Civ. P. 56(c)(1)(A)). Only when the movant has carried his burden is the non-movant required to respond by setting forth particular facts indicating there is genuine issue for trial. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). "Even if the moving party comes forward with an abundance of evidence supporting its theory of the case, the nonmoving party may nevertheless defeat the motion by countering with evidence of its own, which, if credited by the fact-finder, would entitle the nonmoving party to a verdict in its favor." *Int'l Shortstop, Inc. v. Rally, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Or, the non-moving party can defeat the motion by demonstrating that the evidence tendered by the moving party is itself laced with contradictions of fact. *Id.* at 1263-1264. (citing *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 198 (5th Cir.), *cert. denied,* 488 U.S. 926 (1988). Here, as the Fifth Circuit and the Texas Supreme Court recognized, Roe has already done both.

Further, it is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Honore v. Douglas*, 833 F.2d 565, (5th Cir. 1987). Those are functions of the jury. *Anderson,* 477 U.S. at 255; *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987) ("The Supreme Court has not… approved summary judgments that rest on credibility determinations …

[and] the Court reminds district judges not to invade the role of the jury."). The evidence of the non-movant is to be believed and so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion. *Anderson,* 477 U.S. at 255.

In his Reply, Patterson boldly declares: "While Plaintiff should be given an opportunity to raise a genuine issue of material fact on this issue, the conclusive evidence showing that [Scott] Colter was not the source [of the defamation] supports dispositive motion practice and justifies resolving unsupported claims without the need for trial." (Dkt. 491 at 2). Patterson's attempt to explain this "conclusive evidence" is puzzling. According to Patterson, the Court should decide as a matter of law that Colter was not the source of the defamatory statements in the donor letter because "emails involving Colter…came *after* Susan Pearson had already written and circulated the first draft of the letter." (Dkt.491 at 2)(emphasis in original). Patterson further argues that "circumstantial evidence does not support that Colter had a unique or personal knowledge of the defamatory content at issue" and directs the Court to a media article. (Dkt.491 at 3). Not only does Patterson misstate the evidence, he demonstrates a fundamental misunderstanding of the summary judgment practice he seeks to invoke. To find select email evidence "conclusive" proof that Colter was not the source of the defamatory statements, the Court would have to ignore numerous other emails, discount the deposition testimony of some witnesses while crediting others, accept only certain circumstantial evidence and draw inferences in favor of Patterson – not Roe. This the Court cannot do. Patterson's own argument demonstrates why the Court should not entertain a dispositive motion.

**II.     Whether Scott Colter was the "Source" of the Defamation is Inherently a Question of Fact for the Jury.**

Because "[c]redibility determinations…are within the province of the fact-finder," the Fifth Circuit has emphasized repeatedly that cases that turn on the moving party's state of mind are not well-suited for summary judgment:

> This is so because it is particularly difficult for the nonmoving party to challenge the "self-serving testimony" of the moving party without the benefit of trial accessories, namely cross-examination. Only through *live* cross-examination can the fact-finder observe the demeanor of a witness, and assess his credibility. A cold transcript of a

> deposition is generally no substitute because it cannot unmask the veracity of a testifying witness clad in a costume of deception; it cannot unveil that a seemingly well-groomed witness is coming apart at the seams: "that he fidgets when answering critical questions, his eyes shift from the floor to the ceiling, and he manifests all other indicia traditionally attributed to perjurers." *Anderson,* 106 S.Ct. at 2521 (Rehnquist, J., joined by Burger, C.J., dissenting).

*Int'l Shortstop, Inc.* 939 F.2d at 1266. *See also Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019)("[W]hen state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility.")

Courts are likewise "guided by the principle that summary judgment is generally inappropriate when inferences the parties seek to draw deal with questions of motive and intent." *Autobahn Imps., L.P. v. Jaguar Land Rover N. Am., L.L.C.*, 896 F.3d 340, 350 n.23 (5th Cir. 2018)). Observing that "[o]ften, motivation and intent can only be proved through circumstantial evidence," the Fifth Circuit recognizes that "determinations regarding motivation and intent depend on complicated inferences from the evidence and are therefore peculiarly within the province of the factfinder." *Thornbrough v. Columbus & Greenville Railroad Company,* 760 F.2d 633, 641 (5th Cir.1985). *See also Oliver v. Arnold,* 3 F.4th 152, 161 (5th Cir. 2021)("[What [the teacher's] motivations were, whether he engaged in the actions toward [the plaintiff student] that she alleges; and how he treated other similarly situated students are all quintessential questions of fact."); *Perry v. H.J. Heinz Co. Brands, L.L.C.*, 994 F.3d 466, 476 (5th Cir. 2021)("[S]ummary judgment is rarely proper when an issue of intent is involved." )(quoting *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996)); *Rimade Ltd. v. Hubbard Enters., Inc.*, 388 F.3d 138, 144 (5th Cir. 2004)( "[S]ummary judgment is rarely proper in fraud cases because the intent required to establish fraud is a factual question 'uniquely within the realm of the trier of fact because it so depends upon the credibility of witnesses.'" )(quoting *Beijing Metals & Minerals v. Am. Bus. Ctr.*, 993 F.2d 1178, 1185 (5th Cir. 1993)).

District courts in this Circuit, including sister courts in this District, consistently apply this principle. *See Equal Employment Opportunity Commission v. Modern Group, Ltd.*, 725 F.Supp.3d 577, 630 (E.D. Tex. 2024). *See also e.g., State Farm Mutual Automobile Ins. Co v. Misra*, No. SA-22-CV-806-JKP, 2025 WL 1746676, at *15  (W.D. Tex. June 23, 2025)(finding summary judgment inappropriate on

4

RICO claim because "[i]ntent to defraud is typically proven with circumstantial evidence and inferences."); *Hunter v. Duff & Phelps Acquisitions, LLC*, No.09-cv-00062, 2022 WL 1169792, at *4 (N.D. Tex. July 7, 2010)("Since a claim for fraud also requires a view into the actor's intent at the time of action, summary judgment is not appropriate."); *Kelly Coplin Construction Co. v. Yates*, No.4:04-cv-159, 2005 WL 8160963, at *3 (E.D. Tex. Feb. 18, 2005).("Whether a representation was made with an intent to deceive and with no intention of performing is a question of fact.")(citing *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)).

Here, "Roe must show that Colter *intended* or *knew* that the defamatory statements in the donor letter would be published." *Roe v. Patterson*, 707 S.W.3d 94, 99 (Tex. 2025)(emphasis added). Because a defendant may direct the publication of defamatory information orally or through forms of undiscoverable communication, … a plaintiff need not adduce evidence of the specifics of an underlying communication, however, so long as the evidence shows that the defendant was the source of the identified communication." *Id.* at 100. Ultimately, "[t]o prove a claim for defamation for an identified publication, [Roe] must show that the defendant supplied the defamatory content through direct or *circumstantial evidence*." *Id.* at 100.(emphasis added). These are all "quintessential issues of fact" that must be determined by a jury.

## Conclusion

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S.317, 323-24 (1986). This case is far beyond the summary judgment stage. The Fifth Circuit questioned whether Roe's pleading and proof was "enough" under Texas law to survive summary judgment. The Texas Supreme Court answered that it was.

For these reasons and the reasons set forth in Plaintiff's Response in Opposition to Defendant Patterson's Brief in Support of a Dipositive Motion Prior to Trial, Plaintiff Jane Roe respectfully requests the Court deny Defendant Patterson's request to permit filing of a dispositive motion.

Dated: August 8, 2025                                Respectfully submitted,

*/s/ Sheila P. Haddock*
**Sheila P. Haddock**
TX State Bar No. 00790810
ZALKIN LAW, LLP
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (858)259-3011
Facsimile: (858) 259-3015
sheila@zalkin.com

Hunter Haddock
CA State Bar No. 355050
ZALKIN LAW, LLP
10590 W. Ocean Air Drive, Suite 175
San Diego, CA 92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015
hunter@zalkin.com

*Attorneys for Plaintiff Jane Roe*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

James Warren Grau
Email: jgrau@graulawgroup.com
Travis John Jones
Email: tjones@graulawgroup.com
Grau Law Group PLLC
500 N. Akard Street, Suite 1925
Dallas, TX 75201
214-521-4145
Fax: 214-521-4320

*Attorneys for Leighton Paige Patterson*

Michael Dana Anderson
Email: michael.anderson@kellyhart.com
Kelly Hart & Hallman LLP - Fort Worth
201 Main Street, Suite 2500
Fort Worth, TX 76102-3129
810-878-3506

*Attorneys for Southwestern Baptist Theological Seminary*

    */s/ Sheila P. Haddock*
**Sheila P. Haddock**
ZALKIN LAW, LLP
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (858)259-3011
Facsimile: (858) 259-3015
sheila@zalkin.com

Dated: August 8, 2025    *Attorney for Plaintiff Jane Roe*

7