UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE | § | |
| | § | |
| v. | § | CIVIL NO. 4:19-CV-179-SDJ |
| | § | |
| LEIGHTON PAIGE PATTERSON, | § | |
| ET AL. | § | |

## ORDER

Before the Court is Defendant Leighton Paige Patterson's Motion to Seal. (Dkt. #490). Patterson seeks to seal his Reply Brief in Support of a Dispositive Motion Prior to Trial, (Dkt. #491), because that brief "contains confidential information" as defined by the Court's Protective and Confidentiality Order, (Dkt. #29). (Dkt. #490 at 1).

Patterson's motion evinces a misunderstanding of the relationship between documents marked "confidential" in the discovery context and documents that are to be filed as part of the judicial record. The Fifth Circuit has made clear that "courts are duty-bound to protect public access to judicial proceedings and records," a duty that is all too "easy to overlook" in the context of stipulated sealings, and that it is inappropriate to "presume[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). The Fifth Circuit has further instructed courts to be "ungenerous with their discretion to seal judicial records." *Id.* at 418; *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (explaining that the Fifth Circuit "heavily disfavor[s] sealing

1

information placed in the judicial record"). In deciding motions to seal, courts must consider and protect the public's "common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (cleaned up). "This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Id.* (cleaned up).

Under this "stringent sealing-order standard," courts must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (cleaned up). This balancing should include a "consideration of less drastic alternatives" to sealing entire documents. *Id.* at 420. For example, where the movant's interests can be protected by redacting portions of a document, rather than sealing the entire document, courts generally favor redaction as a less drastic alternative. *See, e.g., Mach Flynt Inc. v. Veritiv Operating Co.*, No. 2:24-CV-01444, 2025 WL 56333, at *2 (W.D. La. Jan. 9, 2025) (refusing to seal an entire contract where confidential pricing information appeared only in an appendix to the contract).

Having reviewed Patterson's reply brief, (Dkt. #491), it is unclear to the Court what, if anything, in this brief merits sealing. Patterson does not identify the supposedly confidential information contained in his brief, much less explain why this information merits sealing under applicable Fifth Circuit precedent. And to the

2

extent the brief contains information that merits sealing, Patterson does not explain why redaction would not suffice to protect his interests.

It is therefore **ORDERED** that Defendant Leighton Paige Patterson's Motion to Seal Reply Brief in Support of a Dispositive Motion Prior to Trial, (Dkt. #490), is **DENIED without prejudice**.

It is further **ORDERED** that Patterson's Reply Brief in Support of a Dispositive Motion Prior to Trial, (Dkt. #491), shall remain under seal until **December 5, 2025**. In the interim, Patterson may submit a renewed motion to seal that addresses governing Fifth Circuit precedent as detailed in this order.

**So ORDERED and SIGNED this 21st day of November, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE