UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEIGHTON PAIGE PATTERSON, in his individual capacity; SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY<br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL NO. 4:19-cv-00179-SDJ |

### PLAINTIFF'S REPLY TO DEFENDANT SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY'S RESPONSE TO PLAINTIFF'S BRIEF REGARDING SCOPE OF REMAND

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff Jane Roe files this Reply to Defendant Southwestern Baptist Theological Seminary's Response to Plaintiff's Brief Regarding Scope of Remand (Dkt. 493) and in support shows the Court as follows:

Southwestern Baptist Theological Seminary ("SWBTS") again asks this Court to ignore the clear language of the Fifth Circuit's mandate and continues to insist that the "form" of its judgment is different from the "substance" of the appellate court's opinion. It is not. In both form and substance, the Fifth Circuit's disposition of Roe's appeal from this Court's final judgment is clear: Roe may proceed to trial on her defamation claim – a claim she brought against both Defendant Leighton Paige Patterson ("Patterson") and Defendant SWBTS.

This Court's final judgment (Dkt. 465) was based on two memorandum opinions and orders – one disposing of Roe's negligence claim against both Defendants (Dkt. 454) and one disposing of Roe's defamation claim against both Defendants. (Dkt. 462). In form, the Fifth Circuit "vacated" this Court's judgment "with respect to Roe's defamation claim," "remanded" for further proceedings and ordered "Appellees" to pay costs on appeal. (Dkt. 476, USCA Judgment (Certified)). In substance, this Court's March 25, 2023 Memorandum Opinion and Order dismissing Roe's negligence claim (Dkt. 454) was affirmed and remains intact while this Court's April 4, 2023 Memorandum Opinion and Order (Dkt. 462) was vacated and is therefore void. See Plaintiff's Brief Regarding Scope of Remand (Dkt. 488). And, as further evidenced by the taxation and allocation of costs, Roe prevailed on the appeal of her defamation claim against both Patterson and SWBTS.

Unable to square the Fifth Circuit's costs award with its own argument that this Court should "look to the substance of the appellate decision and the circumstances it embraces," (Dkt. 485 at 5), SWBTS now dismisses the taxation of costs as merely "a discretionary, cursory, or post-opinion cost award." (Dkt. 493 at 2). SWBTS declares that because the Fifth Circuit had discretion to "award costs in whatever manner it preferred," the allocation is meaningless to this Court. According to SWBTS, because "this cost-allocation decision is not a product of briefing or reasoned input from the parties," the award does not matter. (Dkt. 493 at 2). A closer look at Federal Rule of Appellate Procedure 39 and its underpinnings counsel otherwise. The Fifth Circuit's taxation of costs against SWBTS is not meaningless and it does matter.

"There is a longstanding tradition of awarding certain costs other than attorney's fees to prevailing parties in the federal courts." *City of San Antonio, Texas v. Hotels.Com*, 593 U.S. 330, 332 (2021). Rule 39 creates a cohesive scheme for taxing appellate costs. *Id.* at 336. Subdivision (a) provides a series of default rules that govern "unless the law provides or the court orders otherwise." *Id.* The "court" in Rule 39(a) is the appellate court and its determination of costs is binding on the district

2

court *Id.* at 336. Indeed, subdivision (e) concerns appellate costs that are taxed in the district court and is mandatory: "if a party is awarded costs under subdivision (a), it is 'entitled' to those costs – i.e., has a right to obtain them and not merely to seek them – when a proper application is made in the district court." *Id.* at 337. "The district court has no discretion regarding whether, when, to what extent, or to which party to award costs on appeal." *City of San Antonio, Texas v. Hotels.com*, 959 F.3d 159,  (5th Cir. 2020), affirmed *City of San Antonio, Texas v. Hotels.Com*, 593 U.S. 330 (2021)(quoting *In re Sioux Ltd. Sec. Litig., No.* 87-6167, 1991 WL 182578 (5th Cir. Mar. 4, 1991)). *See also Transverse, LLC v. Iowa Wireless Service, LLC*, No. A-10-CV-517-LY, 2016 WL 6107214 at *2 (W.D. Tex. Feb.29, 2016); *Orion IP, LLC v. Mercedes-Benz USA, LLC,* No. 6:05-cv-322, 2010 WL 11531173 at * 2  (E.D. Tex. Nov. 15, 2010).

Where, as here, a district court judgment "is affirmed in part, reversed in part, modified or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4). As the Supreme Court recently explained: "The most natural meaning of this provision is that a court of appeals may apportion costs in accordance with the relative success." *Hotels.com*, 593 U.S. at 337.  A court may "decide that although neither party was entirely successful, one party enjoyed substantial success on appeal and should recover some or all of its costs. In other instances, the court may determine that each party should bear its own costs." 16AA Charles Alan Wright & Arthur R. Miller,  *Federal Practice & Procedure*  § 3985 (5th ed. 2020).

SWBTS asserts that a cost award does "not necessarily reflect the appellate winner" and maintains that, despite the taxation of costs against it,  SWBTS is the clear prevailing party. Dkt. 493 at 2. But the "one example" SWBTS offers is simply a case where all parties were ordered to bear their own costs. SWBTS does not provide – nor does Plaintiff's research reveal – a single example where the appellate court taxed costs against a party who prevailed on all claims as SWBTS insists it did. SWBTS does not, because it cannot, explain why the Fifth Circuit would tax costs against it if the court's intent was to affirm dismissal of Roe's claims in their entirety.

3

In short, the Fifth Circuit exercised its discretion under Rule 39 to apportion costs in accordance with the parties' relative success. Because Roe enjoyed substantial success on appeal against *both* Patterson and SWBTS, the Fifth Circuit taxed costs against both. This Court should not, as SWBTS now encourages, disregard the Fifth Circuit's allocation of costs as meaningless. This Court may not, as SWBTS now requests, exercise its own discretion and conclude that SWBTS rather than Roe prevailed on the appeal of her defamation claim. The Fifth Circuit made that determination. And as the Supreme Court confirmed and cautioned in *Hotels.com,* "[d]istrict courts cannot exercise a second layer of discretion" under Rule 39. 593 U.S. at 338.

## Conclusion

In both form and substance, the Fifth Circuit vacated this Court's judgment on Roe's defamation claim – a claim asserted against both Patterson and SWBTS – in its entirety. For these reasons and the reasons set forth in Plaintiff's Brief Regarding Scope of Remand, Plaintiff Jane Roe respectfully requests this Court effect the Fifth Circuit's broad mandate as intended and allow Roe to proceed to trial on her defamation claim against both SWBTS and Patterson.

Dated: November 26, 2025

Respectfully submitted,

*/s/ Sheila P. Haddock*
**Sheila P. Haddock**
TX State Bar No. 00790810
ZALKIN LAW, LLP
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (858)259-3011
Facsimile: (858) 259-3015
sheila@zalkin.com

Hunter Haddock
CA State Bar No.355050
ZALKIN LAW, LLP
10590 W. Ocean Air Drive, Suite 175
San Diego, CA 92130
Telephone: (858) 259-3011

4

                Facsimile: (858) 259-3015
                hunter@zalkin.com

                *Attorneys for Plaintiff Jane Roe*

# CERTIFICATE OF SERVICE

  I hereby certify that on November 26, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

James Warren Grau
Email: jgrau@graulawgroup.com
Travis John Jones
Email: tjones@graulawgroup.com
Grau Law Group PLLC
500 N. Akard Street, Suite 1925
Dallas, TX 75201
214-521-4145
Fax: 214-521-4320

*Attorneys for Leighton Paige Patterson*

Michael Dana Anderson
Email: michael.anderson@kellyhart.com
Kelly Hart & Hallman LLP - Fort Worth
201 Main Street, Suite 2500
Fort Worth, TX 76102-3129
810-878-3506

*Attorneys for Southwestern Baptist Theological Seminary*

                */s/ Sheila P. Haddock*
                **Sheila P. Haddock**
                ZALKIN LAW, LLP
                111 Congress Avenue, Suite 500
                Austin, TX 78701
                Telephone: (858)259-3011
                Facsimile: (858) 259-3015
                sheila@zalkin.com

Dated: November 26, 2025         *Attorney for Plaintiff Jane Roe*