UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JANE ROE § | |
| § | |
| v. § | CIVIL NO. 4:19-CV-179-SDJ |
| § | |
| LEIGHTON PAIGE PATTERSON, § | |
| ET AL. § | |

# **ORDER**

Before the Court is Defendant Leighton Paige Patterson's Brief in Support of a Dispositive Motion Prior to Trial, (Dkt. #487), and the parties' subsequent briefing, (Dkt. #489, #491, #496). Patterson seeks leave to file another summary-judgment motion. (Dkt. #487, #491). Plaintiff Jane Roe is opposed. (Dkt. #489, #496). For the reasons below, the Court will grant Patterson's request and allow him to file another summary-judgment motion.

Patterson previously moved for summary judgment on all of Roe's claims. (Dkt. #239, #241). The Court granted those motions, (Dkt. #454, #462), and Roe appealed to the Fifth Circuit. The Fifth Circuit then certified two questions to the Supreme Court of Texas:

1. Can a person who supplies defamatory material to another for publication be liable for defamation?

2. If so, can a defamation plaintiff survive summary judgment by presenting evidence that a defendant was involved in preparing a defamatory publication, without identifying any specific statements made by the defendant?

*Roe v. Patterson*, No. 23-40281, 2024 WL 1956148, at *3 (5th Cir. May 3, 2024).

The Texas Supreme Court answered yes to both questions. *Roe v. Patterson*, 707 S.W.3d 94, 96 (Tex. 2025). As to the first, the Supreme Court held that "a person who supplies defamatory material to another for publication may be liable if the person intends or knows that the defamatory material will be published." *Id.* Applying this principle here, "Roe must show that Colter [(Patterson's putative agent)] intended or knew that the defamatory statements in the donor letter would be published." *Id.* at 99.

As to the second question, the Texas Supreme Court held that "a plaintiff may survive summary judgment without identifying the specific statements the defendant made in supplying the defamatory material if the evidence is legally sufficient to support a finding that the defendant was the source of the defamatory content." *Id.* at 96. "Evidence that the defendant was the source of defamatory content may include proof that the defendant made the same defamatory statement to others, that the defendant had unique or personal knowledge of the defamatory content and its details, or that the publishers relied on the defendant to support the truthfulness of the allegedly defamatory statements." *Id.* at 101. The plaintiff may meet its burden through direct or circumstantial evidence, but "[e]vidence that amounts to mere speculation or surmise does not suffice to survive summary judgment." *Id.*

After receiving the Texas Supreme Court's answers to its certified questions, the Fifth Circuit "vacate[d]" this Court's judgment "with respect to Roe's defamation claim." *Roe v. Patterson*, No. 23-40281, 2025 WL 673436, at *1 (5th Cir. Mar. 3, 2025). The Fifth Circuit did not apply the now-clarified Texas law to the facts of this case or

suggest that no issues remained for summary adjudication. Instead, it merely "remanded for further proceedings." *Id.*

Patterson argues that "summary disposition remains appropriate, particularly in light of the refinement of Texas law made by the Supreme Court." (Dkt. #487 at 3). Roe argues that "[t]he only issues that remain are issues of fact that must be resolved by a jury," and that "[p]ermitting dispositive motions at this stage of the litigation would unnecessarily multiply the proceedings, burden Roe and waste judicial resources." (Dkt. #489 at 4).

The Court agrees with Patterson that another dispositive motion is warranted here. The Texas Supreme Court clarified the summary-judgment standard for defamation claims where the plaintiff does not identify a specific defamatory statement, and it provided several types of evidence that may satisfy that standard. *See Patterson*, 707 S.W.3d at 100–01. Whether this evidence can go to the jury—that is, whether the evidence "amounts to [more than] mere speculation or surmise"—is a question for the Court. *Id.* at 101.

It is therefore **ORDERED** that Defendant Leighton Paige Patterson may file a summary judgment motion addressing now-clarified Texas law on the narrow issues remaining in this case. The Court will issue an amended scheduling order, with a full briefing schedule for the motion, by separate order.

**So ORDERED and SIGNED this 1st day of December, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

3