# EXHIBIT E

**From:** Stuart Cochran
**Sent:** Thursday, May 17, 2018 4:13 PM
**To:** 'pastor@fbcgt.org' <pastor@fbcgt.org>
**Subject:** SWBTS and Paige Patterson

Dear Dr. Ueckert,

I understand that the Board of Trustees for SWBTS is scheduled to meet regarding Dr. Patterson on May 22, 2018. In this regard, I am concerned that board members were not made aware, or have not been made aware, of the events described in the attached letter I sent two years ago to the then-chairman of the board of SWBTS. In light of the current and highly-publicized controversy surrounding Dr. Patterson, we felt compelled to reach out to the board directly and to provide these facts.

Shortly after I sent the attached letter, a lawyer for Dr. Patterson and the seminary, Shelby Sharpe, contacted me. Ultimately, Mr. Sharpe unfortunately informed me that he saw no merit to my client's claims and that there was no interest in trying to resolve them.

Please review the attached, which include (1) the original letter we sent on March 23, 2016, which describes in detail the horrors my client experienced at SWBTS; and (2) some documents produced by Mr. Sharpe relating to my client, in which Dr. Patterson stated my client's mother "is nuts" for wanting to meet with him to report the rapes and expressed his intent to "break down" my client at a subsequent meeting with no official SWBTS witnesses present. Sadly, Dr. Patterson was successful in crushing my client's spirit and her future and securing her withdrawal from the seminary. We thought these documents might be relevant to your meeting on May 22. The media may also be interested in them.

In addition, please see the following links regarding SWBTS' former student's continued violence toward women and others, his psychological problems, and his arrest and conviction for same:

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=mcclain&number=CF-2017-00039&cmid=239709

https://www.oscn.net/dockets/GetDocument.aspx?ct=mcclain&bc=CC18010900000498&cn=CF-2017-00039&fmt=pdf

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=garvin&number=PO-2017-00045&cmid=433300

https://www.oscn.net/dockets/GetDocument.aspx?ct=garvin&bc=CC17042000000419&cn=PO-2017-00045&fmt=pdf

Finally, I was informed this week by Mr. Sharpe that he only represents Patterson and the seminary, and that "no one represents the board." If the board in fact has a lawyer, please let me know immediately and forward this email and the attached to him or her and have him/her contact me. Please also bring these matters to the attention of the full board immediately, as they bear on the issues presently before the board.

I am available to discuss at any time.

HIGHLY CONFIDENTIAL   Roe 000292

Thank you for your time and attention.

Stuart L. Cochran

Steckler Gresham Cochran PLLC

12720 Hillcrest Rd. Ste. 1045

Dallas, TX 75230 | 972.387.4040 | www.stecklerlaw.com

HIGHLY CONFIDENTIAL                                               Roe 000293



## COCHRAN LAW

*Via Email and Certified Mail*

March 23, 2016

Dr. Lash Banks
Chairman of the Board
Southwestern Baptist Theological Seminary
2001 W. Seminary Dr.
Fort Worth, TX 76115

Murphy Road Baptist Church
411 S. Murphy Rd.
Murphy, TX 75094

Re:   Rape, Weapons, and Drugs at Southwestern Baptist Theological Seminary

Dear Dr. Banks:

    I represent a former student at and employee of Southwestern Baptist Theological Seminary ("SWBTS"). I am investigating potential claims against SWBTS and its employees arising out of multiple sexual assaults of my client on the SWBTS campus at the hands of another SWBTS student and employee, and SWBTS's handling of the assaults once reported. My purpose in writing to you as Chairman of the Board is to alert you to SWBTS's potential liability and to begin a dialogue about attempting to remedy both the damage done to my client and the systemic safety issues at SWBTS.

    My client enrolled in SWBTS in the fall of 2014. She was also an employee of SWBTS. Within about a month of the fall 2014 semester beginning, my client began to be stalked by another student of SWBTS (the "Assailant").[1] The Assailant was also an employee of SWBTS. My research shows that the Assailant has a criminal history that includes numerous drug and alcohol-related offenses. SWBTS, however, either did not perform a background check or chose to ignore the numerous red flags in the Assailant's criminal history before admitting him to and hiring him at SWBTS. I also understand that the Assailant in fact personally informed Paige Patterson of his robust and violent sexual history around the time of his admission to and hiring at SWBTS, because he was afraid his history would disqualify him as a Baptist pastor. I understand Dr. Patterson quelled his concerns and not only welcomed him to SWBTS, but SWBTS also gave him keys to every building on campus in connection with his employment. Dr. Patterson did not, however, warn the student body that a sexual predator with a history of

---

[1] Due to privacy concerns and fear of retaliation by the Assailant, I have chosen to name neither my client nor the Assailant in this letter. I am confident that SWBTS knows both of their identities.

COCHRAN LAW PLLC • 12720 HILLCREST RD. • SUITE 1045 • DALLAS, TX 75230
972.387.4040 • scochran@scochranlaw.com • www.scochranlaw.com

HIGHLY CONFIDENTIAL    Roe 000294

drug and alcohol offenses was enrolled in and working at SWBTS or take any steps to ensure that the student body was safe from him.

It did not take long for the Assailant's dangerous propensities to manifest themselves once my client showed up on campus. Beginning in late September 2014, the Assailant set out on a campaign of stalking, terror, and violence against my client, which culminated in multiple rapes and even threats of further violence against her and her family. Indeed, my client was raped twice on campus, including once at her [address] [address] both during work hours and after hours. On each occasion, the Assailant was armed with a firearm. On at least one occasion, the Assailant also admitted to being on drugs. In his drug-induced state, he mockingly laughed that my client was the 8th or 9th virgin he had sexually assaulted.

SWBTS failed to provide adequate security and did nothing to prevent the attacks. I understand that, for years prior to the attacks of my client, Dr. Patricia Ennis encouraged SWBTS to install a peephole in the front door of [address] as well as lights on the exterior of [address] which SWBTS refused to do for cosmetic reasons. In addition, there were no security cameras outside or inside [address] I also understand that my client's mother reported the stalking to the wife of an SWBTS employee in September 2014, putting SWBTS on notice of the danger to my client. Again, SWBTS did nothing, and my client suffered the horrific but foreseeable consequences of SWBTS's inaction and inadequate security.

When my client reported the violence and rapes to Dr. Patterson, I understand he reacted not with compassion and concern for her well-being, but instead with disdain, skepticism, and accusations against my client. Shockingly, I am told he ultimately indicated to my client and her family that he was glad my client was raped, even saying the rapes were a "good thing" and that he was too busy to deal or be bothered with my client's problems. When my client's mother asked Dr. Patterson why the Assailant has been admitted to SWBTS, Dr. Patterson lunged across the table and threatened to unleash lawyers on her for questioning his leadership at SWBTS. All for wondering why her daughter had been repeatedly raped on a Christian campus where she assumed her daughter was safe.

These callous, extreme, and outrageous comments appear to be consistent with: (1) Dr. Patterson's previous, publicly-expressed views on domestic violence and abuse, including that battered women should submit and return to their abusers, and that he was "very happy" when one woman showed up at church with two black eyes at the hands of her husband; (2) the manner in which Dr. Patterson handled the Darrel Gilyard scandal in the 1990s and Dr. Patterson's dismissive attitude regarding the numerous reports of sexual assaults lodged against Gilyard; and (3) Dr. Patterson's dismissive response that he did not know who to believe when other women on the SWBTS campus reported being harassed by a SWBTS security officer.

It is also my understanding that, on the night the rapes were reported to Dr. Patterson, SWBTS employees discovered multiple firearms in the Assailant's dorm room, as well as an automatic weapon in his truck. I understand the Assailant was then expelled from SWBTS. (I also understand that the Assailant's best friend at SWBTS, also an SWBTS

HIGHLY CONFIDENTIAL                                                                                              Roe 000295

employee, had previously been in prison for methamphetamine and was also later kicked out of SWBTS for drug-related offenses.) Did SWBTS perform a background check on this criminal?

I understand Dr. Patterson invited the Assailant into his office to discuss the firearms found on campus and to expel him. Afraid of what the Assailant might do, I understand Dr. Patterson had the police present and armed in the next room, ready to protect Dr. Patterson and his staff. No such precautions were ever taken to protect my client from being stalked, terrorized, and sexually assaulted. Then, despite the police's directive that Dr. Patterson not contact the Assailant regarding the sexual assaults in order to protect my client's safety, I understand Dr. Patterson later called the Assailant to get his side of the story.

Then, unbelievably, I also understand that Dr. Patterson not only disclosed the sexual assaults of my client to another faculty member, Candi Finch, in the presence of and without the consent of my client, but also told my client in front of Ms. Finch that he "did not know who to believe" and accused my client of lying about the sexual assaults and the firearms, despite knowing full well of the Assailant's arsenal of weapons on campus. Shortly thereafter, when he believed they were alone, Dr. Patterson admitted to my client that he in fact believed her.

It is also my understanding that, the day after my client reported the rapes to Dr. Patterson, a faculty and staff meeting was held to discuss the implementation of changes to SWBTS's security, hiring, and/or admission practices, including background checks on prospective students.

Ultimately, my client was forced to withdraw from SWBTS and forego her education due to the physical and emotional harm she and her family experienced at the hands of SWBTS students, employees, and leaders.

As a result of the physical, emotional, and financial harm my client suffered due to the rapes and other extreme and outrageous conduct on the SWBTS campus, my client may have civil claims against SWBTS and its employees personally, including, but not necessarily limited to, direct claims for negligence, premises liability, intentional infliction of emotional distress, and invasion of privacy, as well as vicarious claims against SWBTS for the conduct of SWBTS's employees, including the Assailant and Dr. Patterson. In order to more fully assess the facts, I respectfully request that SWBTS voluntarily make the following documents available for my review and copy:

- My client's employee and student files;
- The employee and student files of the Assailant, including but not limited to all documents relating to any investigation/background check SWBTS performed before hiring or admitting the Assailant;
- All documents and reports relating to any investigation performed by SWBTS regarding the Assailant's sexual assaults and/or weapons, including, but not limited to witness statements, reports, and communications;
- All documents relating to (including handwritten notes) meetings or phone calls between SWBTS and my client;

HIGHLY CONFIDENTIAL                                                                 Roe 000296

- All documents relating to (including handwritten notes) any meetings or phone calls between SWBTS and the Assailant;
- All SWBTS policies and procedures relating to hiring;
- All SWBTS policies and procedures relating to admissions;
- All SWBTS policies and procedures relating to security on campus;
- All SWBTS policies and procedures relating to weapons on campus;
- All SWBTS policies and procedures relating to assault and/or sexual assault;
- All SWBTS policies and procedures relating to drugs on campus;
- All communications, including emails, with or referencing my client;
- All communications, including emails, with or referencing the Assailant;
- All documents relating to any prior assaults and/or sexual assaults on campus;
- All documents relating to any prior incidents involving weapons on campus; and
- Documents reflecting any and all donations or contributions made to SWBTS by the Assailant or any of his family members.

Please let me know when and where I can review these documents. I would also welcome the opportunity to meet with you and/or SWBTS's lawyer to discuss this potential case and the facts underlying it. Incidentally, I understand my client was frequently used by SWBTS to cultivate and entertain SWBTS's benefactors; SWBTS's ability to attract students and donations could be severely hindered if the issues at SWBTS were to be made public. Our hope is that this matter can be resolved privately without the need for court filings or other publicity.

Please let me hear back from you or SWBTS's lawyer before April 6, 2016.

Very truly yours,

Stuart L. Cochran

HIGHLY CONFIDENTIAL    Roe 000297

**Patterson, Paige**

| | |
|---|---|
| From: | Patterson, Paige |
| Sent: | Saturday, August 15, 2015 4:08 PM |
| To: | Jane Roe |
| Subject: | Re: Urgent |

Jane Roe I am in Cuba and cannot call from here. I will call as soon as I am able back in the USA. PP

Sent from my iPhone

> On Aug 15, 2015, at 9:22 AM, Jane Roe wrote:
>
> Dr. Patterson, we must speak to you immediately. Can you please call us? Jane Roe's telephone number
>
> It is involving a serious situation about a young man who took advantage of me last semester on campus who is now seriously threatening our family.
>
> Please, we need to speak with you.
>
> In Christ,
> Jane Roe
>
> Sent from my iPhone

1

HIGHLY CONFIDENTIAL                    Roe 000298

**Patterson, Paige**

From: Patterson, Paige
Sent: Monday, August 17, 2015 8:58 PM
To: King, Kelly

In the morning, [Jane Roe]'s mother will call. She is nuts! She actually wanted to come see me tonight. Anyway, she wants an appointment to see me Wed. Just read her my schedule. Set her up whenever it is possible. But do not let her push you around. Thanks. Paige

Sent from my iPhone

1

HIGHLY CONFIDENTIAL                                              Roe 000299

**Patterson, Paige**

| | |
|---|---|
| From: | Patterson, Paige |
| Sent: | Monday, September 28, 2015 8:58 AM |
| To: | Nichols, John |
| Subject: | Re: Meeting with Jane Roe |

Well we will see. I have to break her down and I may need no official types there but let me see. Paige

Sent from my iPhone

On Sep 27, 2015, at 11:45 PM, Nichols, John <jnichols@swbts.edu> wrote:

> Dr. Patterson,
> I am back in town, and Dad has brought me up to speed with the developments on John Doe and Jane Roe I just wanted to ask if it would be possible for me to be there when you meet with Jane Roe If not, I understand. I would just like to see this through, and hear what she has to say.
>
> Whatever you think is best, just let me know.
>
> John
>
>
> John Nichols
> Chief of Campus Security
>
> Office # 817.923.1921 x3374
> Cell # 817-734-2320
>
> Southwestern Baptist Theological Seminary
> 2001 W. Seminary Drive | Fort Worth, TX 76115
> Post Office Box 22260 | Fort Worth, TX 76122
> |Fax: 817-921-8756 |
> jnichols@swbts.edu | http://www.swbts.edu
>
> *He has told you, O man, what is good;*
> *And what does the Lord require of you but to*
> > *Do justice,*
> > *And to love kindness,*
> > *And to walk humbly with your God*
>
> MICAH 6:8

1

HIGHLY CONFIDENTIAL                                      Roe 000300

## Patterson, Paige

**From:** Patterson, Paige
**Sent:** Monday, October 19, 2015 5:20 PM
**To:** Williams, Justin
**Subject:** FW: Withdrawing

file

-----Original Message-----
From: Jane Roe
Sent: Monday, October 19, 2015 6:51 AM
To: Patterson, Paige
Cc: Finch, Candi; dkpatterson@swbts.edu
Subject: Withdrawing

Dear Dr. Patterson,

Because of the disrespectful manner in which you spoke to my mother, I will be withdrawing from your school. I do not think you would have wanted someone else to speak to Mrs. Patterson, Mrs. Kelley, or your own mother that way.

Sincerely,
Jane Roe


Sent from my iPhone

1

HIGHLY CONFIDENTIAL    Roe 000301

**Mallette, Adam**

**From:** Patterson, Dorothy
**Sent:** Wednesday, October 21, 2015 9:46 PM
**To:** Mallette, Adam
**Subject:** Re: Withdrawing

She sent to me. God is protecting us on this one. Very relieved! Dp

Sent from my iPhone

> On Oct 21, 2015, at 3:48 PM, Mallette, Adam <CMallette@swbts.edu> wrote:
>
> I'm sure you're tracking this, but I send just in case.
>
> Adam
>
> -----Original Message-----
> From: **Jane Roe**
> Sent: Monday, October 19, 2015 7:10 AM
> To: Mallette, Adam
> Subject: Withdrawing
>
> Dear Mr. Mallette,
>
> I wanted to write and thank you from the depth of my heart for all you have done to make it possible for me to obtain the scholarships to attend SWBTS. I am aware of what a privilege it was to receive these scholarships, and deeply thankful for having had this opportunity.
>
> Unfortunately I will be withdrawing from the school because of a deeply hurtful situation that came up in which someone in leadership treated my mother extremely disrespectfully, and I no longer have a peace about continuing.
>
> May God richly bless you in all you do, and thank you again so much for all you have done to help me.
>
> Sincerely in Christ,
> **Jane Roe**
>
> Sent from my iPhone

1

HIGHLY CONFIDENTIAL    Roe 000302

**Patterson, Dorothy**

| | |
|---|---|
| From: | Patterson, Dorothy |
| Sent: | Thursday, October 22, 2015 7:22 PM |
| To: | Jane Roe ; Patterson, Paige |
| Cc: | Finch, Candi |
| Subject: | RE: Withdrawing |

Jane Roe You are certainly doing the right thing to move away from Southwestern. Just be careful of suggesting that I or my mother or my mother-in-love would have spoken to anyone as your mother did to Dr. Finch or the president. As the expression goes, every pot sits on its own bottom. Make your decision based on your own actions and reactions rather than casting blame on someone else. I, too, went through the Institute of Basic Youth Conflicts, and this is a foundational principle taught by Bill Gothard with which I happen to agree. I am breathing a prayer for you, for your mother, and for how you pursue the your future before the Lord.

Dorothy Kelley Patterson


-----Original Message-----
From: Jane Roe
Sent: Monday, October 19, 2015 6:58 AM
To: Patterson, Paige
Cc: Patterson, Dorothy; Finch, Candi
Subject: Withdrawing

>
> Dear Dr. Patterson,
>
> Because of the disrespectful manner in which you spoke to my mother, I will be withdrawing from your school. I do not think you would have wanted someone else to speak to Mrs. Patterson, Mrs. Kelley, or your own mother that way.
>
> Sincerely,
> Jane Roe
>
>
> Sent from my iPhone

1

HIGHLY CONFIDENTIAL                               Roe 000303

# Photo of John Doe