```
 1   8505196 sh

 2              UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
 3                    SHERMAN DIVISION

 4
     JANE ROE                    )
 5                               )
          Plaintiff,             )
 6                               )        CIVIL NO.
     v.                          )     4:19-cv-00179-SDJ
 7                               )
     LEIGHTON PAIGE PATTERSON,   )
 8   in his individual           )
     capacity; SOUTHWESTERN      )
 9   BAPTIST THEOLOGICAL         )
     SEMINARY                    )
10                               )
          Defendants.            )
11   _____)

12

13        VIDEOCONFERENCE ORAL AND VIDEOTAPED DEPOSITION OF

14                        DR. BART BARBER

15                        AUGUST 19, 2022

16

17   (Reported remotely pursuant to the First Emergency Order

18         Regarding the COVID-19 State of Disaster.)

19

20

21

22

23

24

25
```



1
2
3
4
5
6
7               VIDEOCONFERENCE ORAL AND VIDEOTAPED
8  DEPOSITION of DR. BART BARBER, produced as a witness at
9  the instance of the Plaintiff, and duly sworn, was taken
10 in the above-styled and numbered cause on the 19th of
11 August, 2022, from 10:07 a.m. to 3:58 p.m., Central
12 Time, before Shanon M. Hair, CSR in and for the State of
13 Texas, reported by machine shorthand, with the witness
14 appearing via videoconference from Fort Worth, Texas,
15 pursuant to the Federal Rules of Civil Procedure and the
16 provisions stated on the record or attached hereto.
17
18
19
20
21
22
23
24
25



```
 1                    A P P E A R A N C E S

 2    FOR THE PLAINTIFF:

 3        Sheila P. Haddock, Esq.
          Jessica Dent, Esq.
 4        THE ZALKIN LAW FIRM, P.C.
          10590 W. Ocean Air Drive, Suite 125
 5        San Diego, California   92130
          (858) 259-3011
 6        sheila@zalkin.com
          jessica@zalkin.com
 7
      FOR THE DEFENDANT, LEIGHTON PAIGE PATTERSON:
 8
          Jim Grau, Esq.
 9        GRAU LAW GROUP
          1445 Ross Avenue, Suite 4700
10        Dallas, Texas   75202
          (214) 521-4145
11        jgrau@graulawgroup.com

12    FOR THE DEFENDANT, SOUTHWESTERN BAPTIST THEOLOGICAL
      SEMINARY:
13
          David M. Macdonald, Esq.
14        MACDONALD DEVIN, P.C.
          12770 Coit Road, Suite 1100
15        1201 Elm Street
          Dallas, Texas   75251
16        (214) 744-3300
          dmacdonald@macdonalddevin.com
17
      FOR THE WITNESS:
18
          Michael Anderson, Esq.
19        KELLY HART & HALLMAN LLP
          201 Main Street, Suite 2500
20        Fort Worth, Texas   76102
          (817) 332-2500
21        michael.anderson@kellyhart.com

22

23    ALSO PRESENT:

24        Colby Adams
```

```
25
```

```
                    A P P E A R A N C E S
                         (Continued.)

THE VIDEOGRAPHER:
    Cody Modro

THE REMOTE TECHNICIAN:

    Robert Pacheco



            (All participants via videoconference.)
```



```
 1                                                               12:21
 2                                                               12:21
 3                                                               12:21
 4                                                               12:21
 5                                                               12:21
 6                                                               12:21
 7                                                               12:22
 8                                                               12:22
 9                                                               12:22
10                                                               12:22
11                                                               12:22
12        Q.  And who responded to Dr. Ueckert's questions       12:22
13   about Dr. Patterson's handling of the allegations that      12:22
14   were brought to him?                                        12:22
15        A.  Dr. Patterson did.  I think also some              12:22
16   substantial portion of the response may have been made      12:22
17   by Dr. Patterson's counsel at that meeting.                 12:22
18        Q.  Who was that person?                               12:22
19        A.  Shelby Sharpe.                                     12:22
20                                                               12:22
21                                                               12:22
22                                                               12:23
23                                                               12:23
24                                                               12:23
25                                                               12:23
```



|  |  |  |
|---|---|---|
| 1 |  | 03:02 |
| 2 |  | 03:02 |
| 3 |  | 03:02 |
| 4 | Q.  (BY MS. HADDOCK)  I want to go and examine the | 03:02 |
| 5 | part of this letter that deals directly with the | 03:03 |
| 6 | plaintiff here, and -- | 03:03 |
| 7 | A.  Can you help me -- | 03:03 |
| 8 | Q.  It's on Page 5 of the letter.  It begins "In | 03:03 |
| 9 | contrast." | 03:03 |
| 10 | A.  Okay. | 03:03 |
| 11 | Q.  "In contrast, the facts regarding the 2015 | 03:03 |
| 12 | Southwestern event referenced by Mr. Ueckert in his June | 03:03 |
| 13 | 1st statement are well known.  It's our understanding | 03:03 |
| 14 | that you knew full well that the female student's | 03:03 |
| 15 | allegations of rape were false, that she had engaged in | 03:03 |
| 16 | consensual sexual activities in" -- "on more than one | 03:03 |
| 17 | occasion, and that those acts had taken place at the | 03:03 |
| 18 | public buildings at the seminary and that the campus | 03:03 |
| 19 | security were shown the nude pictures she texted to the | 03:03 |
| 20 | male student.  It's our" -- "it's our further | 03:03 |
| 21 | understanding that you knew full well that she begged | 03:03 |
| 22 | Dr. Patterson not to called police, but he insisted that | 03:03 |
| 23 | he would and he did so within six minutes of hearing her | 03:03 |
| 24 | allegation." | 03:04 |
| 25 | So, I want to unpack that a little bit. | 03:04 |



| | | |
|---|---|---|
| 1 | This letter makes the statement that the board -- it's | 03:04 |
| 2 | my understanding that when she says "you," it's directed | 03:04 |
| 3 | to the board -- "knew full well that the female | 03:04 |
| 4 | student's allegations of rape were false." | 03:04 |
| 5 |     Is -- is that -- do you agree or disagree | 03:04 |
| 6 | with that statement? | 03:04 |
| 7 |     A.  I -- I disagree with that statement. | 03:04 |
| 8 |     Q.  And why do you disagree with it? | 03:04 |
| 9 |     A.  Mr. Loveless, who at that time was no longer on | 03:04 |
| 10 | the board, is characterizing the content of meetings | 03:04 |
| 11 | that he did not attend. | 03:04 |
| 12 |     Q.  Was the board made aware that the student's | 03:04 |
| 13 | allegations of rape were false? | 03:04 |
| 14 |     A.  No. | 03:04 |
| 15 |     Q.  "That she had engaged in consensual sexual | 03:04 |
| 16 | activities on more than one occasion and those acts had | 03:05 |
| 17 | taken place in the public buildings of the seminary," | 03:05 |
| 18 | was the board told that? | 03:05 |
| 19 |     A.  No. | 03:05 |
| 20 |     Q.  "That campus security was shown the nude | 03:05 |
| 21 | pictures she texted to the male student," was the | 03:05 |
| 22 | board -- | 03:05 |
| 23 |     A.  No. | 03:05 |
| 24 |     Q.  -- told that? | 03:05 |
| 25 |     A.  No. | 03:05 |



| | | |
|---|---|---|
| 1 | Q.  "It is our understanding that you knew full | 03:05 |
| 2 | well that she begged Dr. Patterson not to call the | 03:05 |
| 3 | police." | 03:05 |
| 4 | A.  No. | 03:05 |
| 5 | Q.  Okay.  If we move to the next paragraph, have | 03:05 |
| 6 | you ever heard six minutes as a time -- | 03:05 |
| 7 | A.  No. | 03:05 |
| 8 | Q.  -- for when Dr. Patterson called the police? | 03:05 |
| 9 | A.  No. | 03:05 |
| 10 | Q.  "At the meeting of the board of trustees held | 03:05 |
| 11 | on May 22nd, the e-mail subsequently referenced by | 03:05 |
| 12 | Dr." -- "Mr. Ueckert in his June 1st statement was | 03:05 |
| 13 | presented to the trustees and discussed thoroughly." | 03:05 |
| 14 | Would you agree with that? | 03:06 |
| 15 | A.  I would not agree with that. | 03:06 |
| 16 | Q.  And -- and why not?  What about that do you not | 03:06 |
| 17 | agree with? | 03:06 |
| 18 | A.  The e-mail was never presented to the board and | 03:06 |
| 19 | was not discussed thoroughly because it was not | 03:06 |
| 20 | presented to the board. | 03:06 |
| 21 | Q.  "The e-mail was written by Dr. Patterson to the | 03:06 |
| 22 | chief of security a full five weeks after he first met | 03:06 |
| 23 | with the female student and reported her allegation to | 03:06 |
| 24 | the police." | 03:06 |
| 25 | Do you have any comment on -- on that, | 03:06 |


800.211.DEPO (3376)
EsquireSolutions.com

1   whether you agree or disagree with that?                           03:06
2        A.   We were not told who the recipient of the                03:06
3   e-mail was and we were not told anything about the date            03:06
4   of the e-mail.                                                     03:06
5        Q.   So, Dr. Ueckert did not share with the trustees          03:07
6   that the recipient was campus security?  I thought that            03:07
7   that's -- that was in his statement and in the media --            03:07
8   a statement he made to the media that we read, that the            03:07
9   e-mail was to campus security.                                     03:07
10            MR. ANDERSON:  Object to the form.                        03:07
11       Q.   (BY MS. HADDOCK)  I'm just trying to                      03:07
12  understand.  If you say -- you're saying that the                   03:07
13  trustees were not told who the e-mail was addressed to?             03:07
14       A.   Right.                                                    03:07
15       Q.   But you'll agree with me that Dr. Ueckert did             03:07
16  publicly say that it was directed to campus security --             03:07
17       A.   Yes.                                                      03:07
18       Q.   -- the chief of campus security.                          03:07
19       A.   Yes.  I -- well, I've seen the statement --               03:07
20       Q.   Okay.                                                     03:07
21       A.   -- that Dr. Ueckert released.                             03:07
22       Q.   But that's not the way it was presented to the            03:07
23  trustees is what you're saying.                                     03:07
24            MR. ANDERSON:  Object to the form.                        03:07
25       A.   To my recollection, I don't recall a personal             03:08



800.211.DEPO (3376)
EsquireSolutions.com

| | | |
|---|---|---|
| 1 | recipient of the e-mail being identified. | 03:08 |
| 2 | Q. (BY MS. HADDOCK) Okay. "The full board | 03:08 |
| 3 | understood and accepted Dr. Patterson's explanation of | 03:08 |
| 4 | the phrase 'breaking her down' that appeared in the | 03:08 |
| 5 | e-mail as being a statement of his desire to meet with | 03:08 |
| 6 | her without the police present, but clearly, as always | 03:08 |
| 7 | his practice, with other seminary personnel present, and | 03:08 |
| 8 | attempt to help her recant her false allegations of rape | 03:08 |
| 9 | before she continued with such false statements to the | 03:08 |
| 10 | police." | 03:08 |
| 11 | A. Completely disagree. | 03:08 |
| 12 | Q. And why do you disagree? | 03:08 |
| 13 | A. The board did not accept or understand those | 03:08 |
| 14 | things to be the truth. | 03:08 |
| 15 | Q. "While the actual sentence for a criminal | 03:08 |
| 16 | conviction of making a false statement to the police may | 03:09 |
| 17 | vary from jurisdiction to jurisdiction, the criminal | 03:09 |
| 18 | offense itself remains a permanent mark on the | 03:09 |
| 19 | individual's record." | 03:09 |
| 20 | A. I -- I don't know what the sentence is for | 03:09 |
| 21 | making a false statement to the police. | 03:09 |
| 22 | Q. Do you understand from this letter that the | 03:09 |
| 23 | authors of this letter is -- are implying that this | 03:09 |
| 24 | young woman has made a false statement to the police? | 03:09 |
| 25 | MR. ANDERSON: I'll object to the form. | 03:09 |



| | | |
|---|---|---|
| 1 | Anderson. | 03:09 |
| 2 |         MR. GRAU:  Object to form.  Grau. | 03:09 |
| 3 |         MR. MACDONALD:  Join the objection. | 03:09 |
| 4 | Macdonald. | 03:09 |
| 5 |    Q.  (BY MS. HADDOCK)  You can answer. | 03:09 |
| 6 |    A.  Okay.  I think a reasonable person would infer | 03:09 |
| 7 | that that is what this author is trying to imply. | 03:09 |
| 8 | | 03:09 |
| 9 | | 03:09 |
| 10 | | 03:10 |
| 11 | | 03:10 |
| 12 | | 03:10 |
| 13 | | 03:10 |
| 14 | | 03:10 |
| 15 | | 03:10 |
| 16 | | 03:10 |
| 17 | | 03:10 |
| 18 | | 03:10 |
| 19 | | 03:10 |
| 20 | | 03:10 |
| 21 | | 03:10 |
| 22 | | 03:10 |
| 23 | | 03:10 |
| 24 | | 03:10 |
| 25 | | 03:10 |



```
 1                CHANGES AND SIGNATURE
 2   WITNESS NAME:   DR. BART BARBER
 3   DATE OF DEPOSITION:   AUGUST 19, 2022
 4   PAGE          LINE          CHANGE           REASON
 5   _____
 6   _____
 7   _____
 8   _____
 9   _____
10   _____
11   _____
12   _____
13   _____
14   _____
15   _____
16   _____
17   _____
18   _____
19   _____
20   _____
21   _____
22   _____
23   _____
24   _____
25   _____
```



| DR. BART BARBER | August 19, 2022 |
|---|---|
| Jane Roe vs Leighton Paige Patterson & SWBTS | 144 |

```
 1       I, DR. BART BARBER, have read the foregoing

 2   deposition and hereby affix my signature that same is

 3   true and correct, except as noted above.

 4
                              _____
                                     DR. BART BARBER
 5

 6   THE STATE OF _____)

 7   COUNTY OF _____)

 8       Before me, _____, on this day

 9   personally appeared DR. BART BARBER, known to me (or

10   proved to me under oath or through _____)

11   (description of identity card or other document) to be

12   the person whose name is subscribed to the foregoing

13   instrument and acknowledged to me that he executed the

14   same for the purposes and consideration therein

15   expressed.

16

17       Given under my hand and seal of office, this

18   _____ day of _____, 2022.

19

20
                              _____
                              NOTARY PUBLIC IN AND FOR
21                            THE STATE OF _____

22
     My commission expires: _____
23

24      ____No Changes Made    ____Amendment Sheet(s) Attached

25           JANE ROE VS. LEIGHTON PAIGE PATTERSON
```



800.211.DEPO (3376)
EsquireSolutions.com

```
                   UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF TEXAS
                         SHERMAN DIVISION


  JANE ROE                        )
                                  )
       Plaintiff,                 )
                                  )           CIVIL NO.
  v.                              )           4:19-cv-00179-SDJ
                                  )
  LEIGHTON PAIGE PATTERSON,       )
  in his individual               )
  capacity; SOUTHWESTERN          )
  BAPTIST THEOLOGICAL             )
  SEMINARY                        )
                                  )
       Defendants.                )
  _____)


           REPORTER'S CERTIFICATION OF THE ORAL
              DEPOSITION OF DR. BART BARBER
                     AUGUST 19, 2022
                   (Reported remotely.)
```

I, Shanon M. Hair, a Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, DR. BART BARBER, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the original deposition was delivered to SHEILA P. HADDOCK, ESQ.

That a copy of this certificate was served on all parties and/or the witness shown herein on _____.



```
 1         I further certify that pursuant to FRCP Rule
 2   30(e)(2) that the signature of the deponent:
 3         __X__ was requested by the deponent or a party
 4   before the completion of the deposition and that the
 5   signature is to be before any notary public and returned
 6   within 30 days from date of receipt of the transcript.
 7   If returned, the attached Changes and Signature Page
 8   contains any changes and the reasons therefore:
 9         _____ was not requested by the deponent or a
10   party before the completion of the deposition.
11         I further certify that I am neither counsel
12   for, related to, nor employed by any of the parties or
13   attorneys in the action in which this proceeding was
14   taken, and further that I am not financially or
15   otherwise interested in the outcome of the action.
16         Certified to by me on this, the 1st day of
17   September, 2022.
18
19
20
21                    
                      _____
22                    Shanon M. Hair, CSR No. 6513
                      Firm Registration No. 03
                      Expiration Date:  04-30-2024
23                    1235 North Loop West, Suite 510
                      Houston, Texas   77008
24                    Ph. No.:  (713) 524-4600
                      Fax No.:  (713) 524-4951
25
```

```
 1   COUNTY OF HARRIS    )
 2   STATE OF TEXAS      )
 3
 4           I hereby certify that the witness was notified
 5   on _____ that the witness has 30 days or
 6   (_____ days per agreement of counsel) after being
 7   notified by the officer that the transcript is available
 8   for review by the witness and if there are any changes
 9   in the form or substance to be made, then the witness
10   shall sign a statement reciting such changes and the
11   reasons given by the witness for making them;
12           That the witness' signature was/was not
13   returned as of _____.
14           Subscribed and sworn to on this, the 1st day of
15   September, 2022.
16
17
18
19                       
                         _____
20                       Shanon M. Hair, CSR No. 6513
                         Firm Registration No. 03
21                       Expiration Date:  04-30-2024
                         1235 North Loop West, Suite 510
22                       Houston, Texas  77008
                         Ph. No.:  (713) 524-4600
23                       Fax No.:  (713) 524-4951
24
25
```