# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANE ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL NO. 4:19-CV-00179-SDJ |
| LEIGHTON PAIGE PATTERSON, in his | § | |
| individual capacity; SOUTHWESTERN | § | |
| BAPTIST THEOLOGICAL SEMINARY, | § | |
| | § | |
| Defendants. | § | |

**AFFIDAVIT OF MICHAEL D. ANDERSON**

BEFORE ME, the undersigned Notary Public, on this day personally appeared Michael D. Anderson, known to me to be the person whose name is subscribed to this Affidavit. After I administered an oath to him, upon his oath, he said:

1.    "My name is Michael D. Anderson. I am over the age of 21 years and I am fully competent to make this Affidavit. All information contained herein is true and correct and is based upon my personal knowledge.

2.    I have been licensed to practice law in the State of Texas since 2001. I am a partner with Kelly Hart & Hallman LLP in Fort Worth, Texas.

3.    I was retained to represent Southwestern Baptist Theological Seminary ("SWBTS") shortly before the May 22, 2018 meeting of SWBTS's Board of Trustees. I have served as SWBTS's corporate counsel since that time.

4.    I was present for the entire Board of Trustees meeting that began on May 22, 2018, at approximately 1:30 p.m. After a very brief opening session, the balance of the meeting was conducted in executive session, except for the last few minutes of the meeting. During the

1

last few minutes of the meeting, a statement was read announcing the Board of Trustees' actions in executive session.

5.    At the beginning of the executive session of the Board of Trustees' meeting on May 22, 2018, the Trustees were advised that I had been retained to represent SWBTS as corporate counsel during the meeting and that all of the information discussed during the meeting was confidential and protected by the attorney-client privilege. The Trustees were instructed not to share any of the information discussed during the executive session with any individual who was not a Trustee. During the executive session, I provided legal advice to SWBTS and the Trustees. The discussions during the executive session were made for the purpose of facilitating the rendition of professional legal services to SWBTS and its Trustees. The legal services included services pertaining to Dr. Paige Patterson's ("Dr. Patterson") employment relationship with SWBTS, and whether to retain or terminate Dr. Patterson.

6.    Dr. Patterson and his counsel, Shelby Sharpe spoke during the May 22, 2018 Board of Trustees meeting. The Board was in executive session when Dr. Patterson and his counsel, Mr. Sharpe, spoke.

7.    During the executive session of the May 22, 2018 Board of Trustees meeting, an allegation of rape made by a female student at Southeastern Baptist Theological Seminary in 2003 was discussed. Those discussions were made for the purpose of facilitating the rendition of professional legal services to SWBTS and its Trustees pertaining to Dr. Patterson's employment relationship with SWBTS and whether to retain or terminate Dr. Patterson. I provided legal advice to SWBTS and its Trustees regarding that allegation.

8.    During the executive session of the May 22, 2018 Board of Trustees meeting, an allegation of rape by a female student at SWBTS in 2015 was also discussed. Those discussions

were made for the purpose of facilitating the rendition of professional legal services to SWBTS and its Trustees pertaining to Dr. Patterson's employment relationship with SWBTS and whether to retain or terminate Dr. Patterson. I provided legal advice to SWBTS and its Trustees regarding that allegation as well.

9.    The Executive Committee of the SWBTS's Board of Trustees met on May 30, 2018. I was present for that entire meeting. That entire meeting was conducted in executive session.

10.    At the beginning of May 30, 2018 meeting of the Executive Committee of SWBTS's Board of Trustees, the Executive Committee was advised that I was serving as SWBTS's corporate counsel during the meeting and that all of the information discussed during the meeting was confidential and protected by the attorney-client privilege. The Executive Committee was instructed not to share any of the information discussed during the meeting with any individual who was not a member of the Executive Committee. During the meeting, I provided legal advice to SWBTS and the members of the Executive Committee. The discussions during the meeting were made for the purpose of facilitating the rendition of professional legal services to SWBTS and the Executive Committee of SWBTS's Board of Trustees. The legal services included services pertaining to Dr. Patterson's employment relationship with SWBTS, and whether to retain or terminate Dr. Patterson.

11.    During the May 30, 2018 meeting of the Executive Committee of SWBTS's Board of Trustees, an allegation of rape made by a female student at Southeastern Baptist Theological Seminary in 2003 was discussed. Those discussions were made for the purpose of facilitating the rendition of professional legal services to SWBTS and the Executive Committee of SWBTS's Board of Trustees pertaining to Dr. Patterson's employment relationship with

3

SWBTS and whether to retain or terminate Dr. Patterson. I provided legal advice to SWBTS and the Executive Committee during that meeting.

12.    During the May 30, 2018 meeting of the Executive Committee of SWBTS's Board of Trustees, an allegation of rape by a female student at SWBTS in 2015 was also discussed. Those discussions were made for the purpose of facilitating the rendition of professional legal services to SWBTS and the Executive Committee of SWBTS's Board of Trustees pertaining to Dr. Patterson's employment relationship with SWBTS and whether to retain or terminate Dr. Patterson. I provided legal advice to SWBTS and its Executive Committee during that meeting.

13.    SWBTS, including its authorized agents and representatives, has not waived the attorney-client privilege for any information discussed during the May 22, 2018 executive session of the Board of Trustees meeting, or the May 30, 2018 meeting of the Executive Committee of the Board of Trustees.

14.    SWBTS maintained minutes of the May 22, 2018 Board of Trustees meeting and the May 30, 2018 meeting of the Executive Committee of the Board of Trustees. Those minutes reflect information protected by the attorney-client privilege.

15.    From May 2018 through the present, I have communicated with SWBTS, including its agents, representatives and employees on a regular basis. Those communications include emails I have exchanged with SWBTS. The emails I have exchanged with SWBTS were made for the purpose of facilitating the rendition of professional legal services and are protected by the attorney-client privilege.

FURTHER AFFIANT SAYETH NOT."

_____
MICHAEL D. ANDERSON

SUBSCRIBED AND SWORN TO BEFORE ME, on this 23rd day of April, 2021.



_____
Notary Public, State of Texas

My Commission:

_____
6-18-22

5