UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JANE ROE;                                          §
                                                   §
Plaintiff,                                         §
                                                   §   Case No.: 4:19-cv-00179-SDJ
                                                   §
v.                                                 §
                                                   §
LEIGHTON PAIGE PATTERSON                           §
in his Individual capacity; and                    §
SOUTHWESTERN BAPTIST                               §
THEOLOGICAL SEMINARY,                              §
                                                   §
Defendants.                                        §
                                                   §
                                                   §
                                                   §
                                                   §
                                                   §
                                                   §
                                                   §
                                                   §

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on March 31, 2023, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.  COUNSEL FOR THE PARTIES**

Plaintiff: Scott Chafin, Sheila Haddock

Defendant:; Jim Grau, Travis Jones

**B.  STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which gives district courts original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

**C.  NATURE OF ACTION**

1

This case arises from Jane Roe's allegations that she was sexually assaulted by John Doe on SWBTS' campus. At issue for purposes of trial, Jane Roe has asserted a defamation claim against Dr. Patterson.

## D.  CONTENTIONS OF THE PARTIES

Plaintiff:

The President of Southwestern Baptist Theological Seminary, Leighton Paige Patterson, made statements and provided information that was false and defamatory concerning student Jane Roe.  President Patterson provided the false and defamatory information and statements to a group of financial donors.  President Patterson, personally and/or through his agents, made the false and defamatory statements in connection with Jane Roe's on-campus sexual assault.  President Patterson was being investigated for mishandling reports of sexual assault, and made the false and defamatory statements in an attempt to keep his job.  President Patterson's actions damaged Jane Roe.

Defendant:

This lawsuit is premised only on the publication of the Loveless Letter ["the "Letter"] and whether the statements included in the Letter were defamatory and false. Plaintiff has sued Dr. Patterson for the publication of the Letter, even though he did not author, publish, or provide any information used in the Letter, nor did Dr. Patterson authorize anyone else to provide information on his behalf for publication in the Letter. Plaintiff's allegations that Dr. Patterson bears responsibility for the Letter are without evidentiary support.

Dr. Patterson contends that Susan Pearson and Gary Loveless were the sole authors of the Letter, and that none of the statements contained in the Letter were sourced by Scott Colter.

Further, Scott Colter did not make any statement to the authors of the Letter with the knowledge or intent that it would be published in the Letter.

Dr. Patterson also denies that Scott Colter made any defamatory statement concerning Plaintiff. Even assuming such a statement occurred, it was not made as Dr. Patterson's agent, did not occur with Dr. Patterson's knowledge or authority, and cannot be attributed to Dr. Patterson.

Dr. Patterson contends that Plaintiff, if a private figure, bears the burden of proving by a preponderance of the evidence that the statements in the Letter were defamatory and false, and that Scott Colter acted negligently in making them. She cannot meet this burden. The statements in the Letter were not actionable and were either true or substantially true at the time they were made.

To the extent the evidence at trial establishes that Plaintiff voluntarily injected herself into the public controversy surrounding Dr. Patterson's departure from his former employer, Dr. Patterson alternatively contends that Plaintiff should be treated as a limited purpose public figure for purposes of this proceeding. In that event, Plaintiff would bear the significantly higher burden of proving that Scott Colter acted with actual malice — that is, with knowledge that the statements were false or with reckless disregard for their truth or falsity. Dr. Patterson contends Plaintiff cannot meet that burden either. Nor can Plaintiff establish that Dr. Patterson acted with the requisite degree of fault pertaining to any alleged statement by Scott Colter.

Finally, Dr. Patterson contends that the evidence does not support an award of damages in any amount. Plaintiff cannot prove that the publication of the Letter caused any actual injury to her reputation, either in the past or in the future, or that she suffered any compensable

mental anguish, past or future, as a result of the alleged publication. The evidence is legally and factually insufficient to support a damages award on any element submitted to the jury. Dr. Patterson specifically denies Plaintiff's contention that he engaged in any campaign to discredit her. That allegation is unsupported by the evidence and inconsistent with the record in this case.

E.  **STIPULATIONS AND UNCONTESTED FACTS**

1.  From 2003 to May 30, 2018, Dr. Patterson served as President of Southwestern Baptist Theological Seminary.

2.  In the Fall of 2014, Roe became a student at SWBTS. Roe also became a student employee with SWBTS on August 1, 2014.

3.  On August 20, 2015, Roe reported her allegations that John Doe had sexually assaulted her to Dr. Patterson. The same day, Jane Roe's allegations were reported to the Fort Worth Police Department.

4.  Roe provided a written statement to the Fort Worth Police Department on August 20, 2015.

5.  Doe was expelled from SWBTS on August 27, 2015.

6.  On May 30, 2018, the Southwestern Baptist Theological Seminary Board of Trustees Executive Committee issued a public statement announcing the termination of SWBTS' relationship with Dr. Patterson.

7.  On May 31, 2018, an article titled "The Untold Truth: Facts Surrounding Paige Patterson and his Removal from SWBTS" was published.

8.  On June 1, 2018, Kevin Ueckert, Chairman of the Board of Trustees for Southwestern Baptist Theological Seminary, published a written statement online referring to Jane Roe's rape allegations.

4

9. On June 4, 2018, Shelby Sharpe issued a publication entitled "Release of facts in response to further accusations against SWBTS president Paige Patterson."

10. On June 29, 2018, a letter addressed to the SWBTS board of trustees was made public.

11. Candi Finch was employed by SWBTS from 2003 through October 17, 2018.

12. Scott Colter was employed by SWBTS from 2008 through July 2018.

## F.  CONTESTED ISSUES OF FACT AND LAW

### ISSUES OF FACT:

1. Whether the allegedly defamatory statements contained in the Letter were statements of fact and defamatory concerning Plaintiff.

2. Whether Scott Colter made a defamatory publication that was the source of the defamatory content contained in the Letter, and whether Scott Colter supplied the defamatory content with the knowledge or intent that it would be published in the Letter.

3. Whether Scott Colter was Dr. Patterson's agent and was acting as Dr. Patterson's agent when he allegedly participated in the drafting of the Letter.

4. Whether the statements contained in the Letter were true or, alternatively, whether they were false at the time they were made as they related to Plaintiff.

5. Whether Scott Colter knew or should have known, in the exercise of ordinary care, that the statements were false and had the potential to be defamatory at the time they were made, or alternatively, to the extent Plaintiff is determined to be a limited purpose public figure, whether the statements were made with actual malice, that is with knowledge that the statements were false or with reckless disregard for their truth or falsity.

6. Whether Dr. Patterson knew or should have known, in the exercise of ordinary care, that the statements were false and had the potential to be defamatory at the time they were made, or alternatively, to the extent Plaintiff is determined to be a limited purpose public figure, whether the statements were made with actual malice, that is with knowledge that the statements were false or with reckless disregard for their truth or falsity.

7. Whether Plaintiff suffered loss of reputation, past or future, or any compensable mental anguish, past or future, proximately caused by any statements that the jury has found to be made by Colter as Patterson's agent that were false and defamatory and negligently made.

### ISSUES OF LAW:

1. Whether Texas Civil Practice and Remedies Code section 73.055(c) applies in this case and, if so, whether oral and written pre-suit communications between Plaintiff, Dr. Patterson and

Southwestern Baptist Theological Seminary constituted a sufficient request for correction, clarification.

2. Whether the statements are defamatory per se.

3. Whether the allegedly defamatory statements are a matter of public concern.

4. Whether the allegedly defamatory statements were "of and concerning" Plaintiff and whether this an issue of law to be decided by the Court.

5. Whether Jane Roe is a limited-purpose public figure for purposes of her defamation claims.

6. Whether Scott Colter was an agent of Dr. Patterson in June 2018 and whether this is an issue of law to be decided by the Court.

7. Whether Dr. Patterson can be held legally responsible for alleged defamatory statement of Scott Colter if Dr. Patterson did not have actual knowledge of the statement at the time it was made and whether this is an issue of law to be decided by the Court.

8. Whether Dr. Patterson can be held legally responsible for the allegedly defamatory statements contained in the Letter through ratification, and whether ratification remains a viable theory of liability following the Fifth Circuit Court of Appeals' prior opinion.

## G.  LIST OF ANY PENDING MOTIONS

1. Defendant Patterson's Motion for Partial Summary Judgment on Defamation and Brief in Support. (Dkt.No.505).

## H.  PROBABLE LENGTH OF TRIAL

The probable length of trial is 5-10 days.

## I.  TRIAL MANAGEMENT PROCEDURES

None.

## J.  LIST OF WITNESSES

Each party has attached a list of witnesses in compliance with this Court's order.

## K.  DEPOSITION DESIGNATIONS

Each party has attached their deposition designations in compliance with this Court's order.

## L.  LIST OF EXHIBITS

Each party has attached a list of exhibits in compliance with this Court's order.

**M. CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

    (1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

    (2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

    (3)    Each exhibit in the List of Exhibits herein:

        (a)    is in existence;

        (b)    is numbered; and

        (c)    has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff(s):  *s/Sheila P. Haddock*

Attorneys for Defendant Leighton Paige Patterson: *s/Jim Grau*

(Note: An attorney of record may sign and certify this order on behalf of opposing counsel "with permission")

This Joint Pre-Trial Order is hereby approved this ___ day of _____, 2026.

 

_____
United States District Judge

(Note: Where additional parties are joined or intervene pursuant to Rules 14, 19 and 24 of the Federal Rules of Civil Procedure, the style of the case and the various sections of the pre-trial order should be modified to reflect the additional parties and information pertaining to them.)